In re Earl J. MOULTON, Jr. and Wanda Sue Moulton, Debtors.

Earl J. MOULTON, Jr. and Wanda Sue Moulton, Plaintiff,

v.

UNITED STATES of America DEPT. of TREASURY–INTERNAL REVENUE SERVICE, D.W. Rucker and P. Dougherty, Defendants.

Bankruptcy No. 80–0822–8P3. Adv. No. 91–853.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 8, 1992.

Malka Isaak, Tampa, Fla., for debtors.

Chris Larimore, Bradenton, Fla., Chapter 13 trustee.

U.S. Atty., Tampa, Fla.

U.S. Atty. Gen., Washington, D.C., for U.S.

## ORDER DENYING UNITED STATES' MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties of interest to consider a Motion filed by the United States (Government) to Dismiss the Debtors' Complaint based on the Court's alleged lack of subject matter jurisdiction. The Court has considered the Motion, together with the record, has heard argument of counsel, and now finds and concludes as follows:

On January 25, 1988, the Debtors were granted a discharge pursuant to § 1328 of the Bankruptcy Code of all debts provided for by the Plan, including the claim of the Internal Revenue Service. On May 15, 1990, the Government filed a Notice of Federal Tax Lien against the Debtor, Earl J. Moulton. The Debtors in turn filed a Motion to Hold the United States in Contempt of Court, or, in the Alternative, for Sanctions for Violation of the Permanent Injunction. On October 16, 1991, this Court entered a detailed Order finding that the Government had in fact violated the permanent injunction set forth in 11 U.S.C. § 524(a)(2). 133 B.R. 248. The Court then scheduled a final evidentiary hearing to consider an appropriate award of sanctions to be imposed against the Government based on its willful violation of the permanent injunction. Shortly before the final evidentiary hearing, the IRS issued a Final Notice of Intention to Levy dated September 14, 1991. On December 17, 1991, Coast Bank withdrew $1,359.28 from the Debtors' checking account pursuant to the Government's levy.

The Debtors subsequently filed this adversary proceeding seeking injunctive relief, declaratory relief and damages based on the Government's willful violation of the permanent injunction against the Government. The Government then filed the Motion to Dismiss the Complaint presently under consideration alleging that this Court lacks subject matter jurisdiction to award monetary damages against the Government because of the principles of sovereign immunity, for the reasons set forth in the Supreme Court's decision in *United States v. Nordic Village, Inc.*, —— U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). A close analysis of *Nordic Village*, however, reveals that its ruling is inapplicable to the matter under consideration, and for this reason, the Government's Motion should be denied. *Nordic Village* did not address the interplay between sovereign immunity and the award of damages based on a violation of the permanent injunction provided for in § 524 of the Bankruptcy Code.

In *Nordic Village*, a corporate officer transferred company funds to the IRS to be applied to his personal income tax liabilities post-petition. The Bankruptcy Court for the Northern District of Ohio then entered a judgment against the IRS, ordering it to return the money to the estate. The District Court and the United States Court of Appeals for the Sixth Circuit affirmed the judgment. The Supreme Court granted certiorari and concluded that the Bankruptcy Court erred in entering a judgment against the Government as it had not waived its sovereign immunity. Relying on some statements of the Court's holding in *Hoffman v. Connecticut Dept. of Income Maintenance, et al.*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), the Supreme Court stated that to be effective, a waiver of sovereign immunity must be "unequivocally expressed" *citing Irwin v. Veterans Administration*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and cannot be inferred and implied. The majority noted that the traditional principle that the Government's consent to be sued must be con-

strued strictly in favor of the sovereign is still a valid principle and should not be enlarged beyond what the language requires, *citing Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983).

The difficulty with applying the holding of *Nordic Village* to the facts under consideration should be apparent when one considers what is and what is not involved in the matter under consideration. Unlike *Nordic Village,* which involved suits to recover money judgments against governmental units on claims, in the present instance the action by the Debtors is not to assert a claim for a money judgment, but to impose sanctions against the IRS for a willful, knowing violation of the permanent injunction. In considering whether the Motion to Dismiss is well taken, it is important to note that § 106 of the Bankruptcy Code, which deals with the subject of waiver of sovereign immunity, provides as follows:

§ 106. Waiver of Sovereign Immunity

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", or "entity", or "governmental unit" applies to governmental units; and

(2) a determination of the court of an issue arising under such a provision binds governmental units.

Under § 106(a), sovereign immunity is waived if the Government has filed a claim against the estate, and the estate has a claim against the Government which arises out of the same transaction or occurrence for which the Government's claim arose.

The intent of this provision is to provide an opportunity to the debtor to file a compulsory counterclaim based upon the Government's claim. Such a situation does not exist in this case, as the Government's claim has been fully paid. Thus, § 106(a) is not applicable.

Section 106(b) provides a waiver of sovereign immunity where an offset is available for an allowed claim of the Government. This is also inapplicable in the present case. The relief sought by the Debtors is not a right to exercise a set-off against a claim filed by the Government simply because the Government no longer has any claim, since the only allowed claim of the Government has been paid in full by the Debtors.

This leaves for consideration subclause (c) of the § 106 and its relevance to the matter under consideration. As noted earlier, this subclause provides that notwithstanding any assertions of sovereign immunity:

(1) a provision of this title that contains "creditor", or "entity", or "governmental unit" applies to government units; and

(2) a determination of the court of an issue arising under such a provision binds governmental units.

Section 524 of the Bankruptcy Code describes the effects of the discharge provided by the Code and reads in part as follows:

§ 524. Effect of discharge

(a) A discharge in a case under this title—

.　　.　　.　　.　　.

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

.　　.　　.　　.　　.

Section 524 admittedly does not use the trigger words "creditor", "entity", or "governmental unit". Notwithstanding, a sensible reading of § 524(a)(2) should not leave any doubt that it applies to all "creditors",

including the Government. If the Government is a creditor, clearly then the Government is bound by the protection provided by the general bankruptcy discharge. Here, the Government is clearly a creditor as it filed four proofs of claim in this case.

It needs no elaborate discussion to point out that § 524 was designed by Congress to assist a discharged Debtor. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). The basic purpose of the Bankruptcy Code is to give the debtor a "new bid for life and a clear field for future effort, unhampered by the pressure and discouragement of the pressure and discouragement of pre-existing debt." *Local Loan Company v. Hunt*, 292 U.S. 234, 244–45, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235, (1934).

To construe § 524(a)(2) in any other way would render this subclause meaningless, since it would permit the Government to pursue a discharged Debtor with impunity and without suffering the consequence of conduct clearly prohibited by the permanent injunction included in the discharge. Thus, the fact that § 524(a)(2) does not include the "trigger terms" is of no consequence. The Government is bound by the protection afforded by § 524. In sum, to permit the Government to escape the consequence of its actions would be a completely erroneous construction of § 524(a)(2) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion By The United States To Dismiss Claim Against United States For Lack Of Subject Matter Jurisdiction is hereby denied, and a status conference in this adversary proceeding is scheduled before the undersigned on October 20, 1992 at 10:30 am in Courtroom A, 4921 Memorial Highway, Tampa, Florida 33634.

DONE AND ORDERED.