In re Odessa H. TAYLOR, Debtor.

Odessa H. TAYLOR, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant.

Bankruptcy No. 189–11583.
Adv. No. 90–1036.
Nos. CV191–093, CV192–177.

United States District Court, S.D. Georgia, Augusta Division.

Dec. 1, 1992.

Jeffrey Carl Shurtleff, Augusta, GA, for plaintiff-appellee.

Edmund Alexander Booth, Jr., Augusta, GA, for defendant-appellant.

## ORDER ON APPEAL

BOWEN, Jr., District Judge.

This matter is before the Court on the Government's appeal from the judgment of the bankruptcy court entered August 3, 1992. Two issues only are presented on appeal: (1) whether 11 U.S.C. § 106(a) effected a waiver of sovereign immunity even though the Internal Revenue Service did not file a proof of claim; and (2) whether the bankruptcy court lacked jurisdiction to award attorney fees against the United States under 11 U.S.C. § 362(h). For the reasons set forth below, the Court affirms the judgment of the bankruptcy court in this matter.

1. *See* 11 U.S.C. § 1301–30.

2.

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

## I. BACKGROUND

Odessa Taylor filed a Chapter 13 bankruptcy [1] case on October 13, 1989. The United States, through the Internal Revenue Service (IRS) as its agent, was a listed creditor of the debtor in the Chapter 13 case and received notice of the Chapter 13 filing. The IRS subsequently withheld a portion of Taylor's 1989 tax refund to offset a tax liability from a prior year. Taylor filed an adversary proceeding against the United States, alleging the IRS violated the automatic stay provision of 11 U.S.C. § 362(a). [2] The Government moved to dismiss on the ground that there was no applicable waiver of sovereign immunity under 11 U.S.C. § 106. The bankruptcy court decided that § 106(a) did effectively waive sovereign immunity even though the Government filed no proof of claim in the underlying Chapter 13 case, denied the motion to dismiss, and subsequently awarded Taylor damages and attorney fees for the Government's willful violation of the automatic stay.

The Government appealed to this Court, which on September 5, 1991, affirmed the bankruptcy court's findings of fact and conclusions of law as to the Government's waiver of sovereign immunity and the jurisdiction of the bankruptcy court to award damages and attorney fees to Taylor. The Court remanded the case, however, for enumeration of the method used to deter-

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

11 U.S.C. § 362(a).

mine the amount of damages and attorney fees.

The bankruptcy court entered its Order on Remand on July 31, 1992, and entered an Amended Judgment on August 3, 1992. The United States now appeals.[3]

## II. ANALYSIS

### A. Sovereign Immunity Waiver Under 11 U.S.C. § 106(a)

The Government argues that the bankruptcy court erred in deciding that 11 U.S.C. § 106(a) effected a waiver of sovereign immunity, because the IRS did not file a proof of claim in the Chapter 13 bankruptcy case. This Court previously affirmed the bankruptcy court's decision that the Government waived sovereign immunity under § 106(a) without filing proof of claim, and the issue would not now merit extended discussion but for the intervening decision by the Supreme Court in *United States v. Nordic Village, Inc.,* — U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), decided February 25, 1992, which the Government now cites in support of its position.

*Nordic Village* held that 11 U.S.C. § 106(c)[4] does not effectively waive the Government's sovereign immunity from an action seeking monetary recovery in bankruptcy because the text of subsection (c) is ambiguous and does not unequivocally express such a waiver. Although the Court had no occasion in *Nordic Village* to consider the precise question raised by the appeal in the present case, the Court noted

in passing that § 106(a)—which was not at issue in *Nordic Village*—specifies a waiver of sovereign immunity when the Government has filed a proof of claim. —— U.S. at ——, 112 S.Ct. at 1012; *see In Re Town & Country Home Nursing Services, Inc.,* 963 F.2d 1146, 1152 n. 2 (9th Cir.1992). The Government now relies upon this *obiter dictum* from *Nordic Village* in support of the argument that sovereign immunity has not been effectively waived in the case *sub judice.*

■■■ Any waiver of sovereign immunity must be "unequivocally expressed" in the text of the statute to be effective. *Nordic Village,* at ——, 112 S.Ct. at 1012. Title 11 U.S.C. § 106(a) explicitly provides that "[a] governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the [bankruptcy] estate and that arose out of the same transaction or occurrence out of which such governmental unit's *claim* arose." *Id.* (emphasis added). "Claim," in turn, is statutorily defined to include *"right to payment,* whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...." 11 U.S.C. § 101 (emphasis added).[5] Neither § 106(a) nor § 101 distinguish between filed and unfiled claims. *See In Re Town & Country Home,* 963 F.2d at 1150.

Although the statutory language alone seems sufficiently clear to support a conclusion that a waiver of sovereign immuni-

---

3. After this Court entered its order in No. CV191–093 on September 5, 1991, affirming the bankruptcy court as to the Government's waiver of sovereign immunity and the jurisdiction of the bankruptcy court to award damages and attorney fees, the Government appealed to the Court of Appeals for the Eleventh Circuit. Subsequently, the Government moved to dismiss the appeal for lack of finality of the order, and the Eleventh Circuit dismissed the appeal.

   After the bankruptcy court issued its Order On Remand and Amended Judgment, the Government made the present appeal to this Court. The record on appeal was docketed under No. CV192–177; this docket number now has been consolidated with No. CV191–093.

4. Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

   > (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and
   > (2) a determination by the court of an issue arising under such a provision binds governmental units.

   11 U.S.C. § 106(c).

5. The definition of "claim" was formerly found at subsection (4) of 11 U.S.C. § 101. This definition was renumbered as subsection (5) by Act of Nov. 29, 1990, Pub.L. No. 101–647, § 2522(e)(3), 104 Stat. 4867.

ty is triggered by existence of the claim itself, rather than by filing a proof of claim, it is worth noting the result that would be achieved if the Government's contrary interpretation were to prevail. Here, the Government filed no proof of claim yet *exercised* its "right" to payment by withholding Taylor's refund as a setoff. By arguing that it retains sovereign immunity under these circumstances, the Government is, in effect, "put in the precarious position of arguing that whereas the mere filing of a claim is sufficient to waive sovereign immunity, the actual receipt of payment on a claim not formally filed produces no such waiver." *In Re Town & Country Home*, 963 F.2d at 1153 (post-*Nordic Village* decision holding Government's actions in enforcing post-petition payment were the functional equivalent of filing a claim and were sufficient to waive sovereign immunity under 11 U.S.C. § 106(a), even though no formal proof of claim was filed). To accept such an argument "would enable the [G]overnment to achieve by self-help what it could not accomplish through the procedures of the bankruptcy court, *i.e.*, retain its immunity while extracting payment from the estate." *Id. Nordic Village's obiter dictum* notwithstanding, this Court does not read the language of § 106(a) as permitting such a result. Therefore, because the IRS withheld a portion of Taylor's tax refund after she filed her Chapter 13 petition, the IRS had a "claim" within the meaning of 11 U.S.C. § 101, and that claim triggered a waiver of sovereign immunity under 11 U.S.C. § 106(a) even though the IRS filed no proof of claim.

### B.  Award of Attorney Fees Under 11 U.S.C. § 362(h)

■  The Government argues that the bankruptcy court lacked jurisdiction to award attorney fees against the United States under 11 U.S.C. § 362(h).[6] The Court considered this argument in its order of September 5, 1991, and, upon review of the record now on appeal, adheres to its previous decision affirming the bankruptcy court's finding of facts and conclusions of law as to the jurisdiction of the bankruptcy court to award attorney fees in this case.

### III.  CONCLUSION

Title 11 U.S.C. § 106(a) effected a waiver of the Government's sovereign immunity in this case even though the Internal Revenue Service did not file proof of claim for Plaintiff's tax liability. Furthermore, the bankruptcy court had jurisdiction to award attorney fees against the United States in accordance with 11 U.S.C. § 362(h).

Accordingly, the judgment of the bankruptcy court is AFFIRMED.

---

**6.**  "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(h).