In re Lee Andrew Nathaniel DANIELS, a/k/a Nathaniel Daniels, SSN: 261–84–5860, Lucille Sims Daniels, a/k/a Lucille S. Daniels, SSN: 254–98–0076, Debtors.

Lee Andrew Nathaniel DANIELS, a/k/a Nathaniel Daniels and Lucille Sims Daniels, a/k/a Lucille S. Daniels, Plaintiffs,

v.

UNITED STATES of America, Acting By and Through the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 86–10242–ALB.
Adv. No. 92–1026–ALB.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Dec. 30, 1992.

David P. Ward, Albany, GA, for plaintiffs.

Janice L. Rovner Feldman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

Lillian H. Lockary, Asst. U.S. Atty., Macon, GA.

Mark W. Roadarmel, Asst. U.S. Trustee, Macon, GA.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On June 26, 1992, the court held a hearing on the Defendant's (Internal Revenue Service) Motion to Dismiss. At the conclusion of the hearing, the court took the matter under advisement in order to allow the parties the opportunity to submit briefs on the issue of whether the court is precluded from issuing sanctions against the IRS for violating the permanent discharge injunction due to the Supreme Court's decision in *United States v. Nordic Village,* — U.S. —, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). The court, having considered the briefs submitted by both parties, now renders this Memorandum Opinion. For the reasons stated herein, the court finds that *Nordic Village* does not preclude the issuance of sanctions against the IRS for violating the court's discharge order where no proof of claim has been filed by the IRS.

The IRS argues that *Nordic Village, supra,* precludes the award of sanctions to the Debtors (Plaintiffs) due to the IRS' failure to file a proof of claim. The IRS contends that sanctions are a money judgment. In *Nordic Village,* the Supreme Court held that a money judgment cannot be awarded against the United States where a proof of claim has not been filed by the United States. Under *Nordic Village,* the United States does not waive its sovereign immunity as to monetary relief pursuant to § 106(c) of the Bankruptcy Code when no proof of claim has been filed by the United States. The IRS contends that § 106(c) does not authorize the award of sanctions against it.

The Debtors argue that *Nordic Village* is distinguishable from the case at hand. *Nordic Village* was an action by a bankruptcy trustee for the recovery of an unauthorized postpetition transfer to the IRS, whereas the instant case involves the Debtors' request for sanctions against the IRS for an allegedly willful violation of the court's discharge order pursuant to 11 U.S.C.A. § 524(a)(2) and § 524(a)(3). The Debtors contend that the court has the inherent power to enforce its own orders pursuant to 11 U.S.C.A. § 105 and the rule in *Chambers v. NASCO, Inc.,* — U.S. —, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

On May 30, 1986, the Debtors filed a Chapter 7 petition. The IRS was listed as an unsecured creditor. The Debtors' case was classified as a no asset case. The IRS failed to file a proof of claim.

The Debtors subsequently began an Adversary Proceeding (A.P. No. 86–1024) against the IRS in an attempt to declare their tax liability for the year 1982. Pursuant to a consent order entered into on February 24, 1987, between the Debtors and the IRS, it was determined that the Debtors' tax liability for the 1982 taxable year was dischargeable.

On April 3rd, 1987, this court granted the Debtors a discharge, and the case was subsequently closed. On May 17, 1988, the IRS issued a "Notice of Levy on Wages, Salary and Other Income" with the husband Debtor's employer in an effort to collect the Debtors' 1982 income taxes. The Debtors subsequently brought an Adversary Proceeding for sanctions against the IRS for willfully violating, or in the alternative, carelessly disregarding the court's discharge order.

On January 27, 1989, the IRS and the Debtors settled the Adversary Proceeding and the IRS paid the sum of $1,962.35, of which $962.35 represented payment of the Debtors' attorney's fees and expenses. A

Stipulation for Dismissal was filed by the parties on February 21, 1989.

In April of 1991, the Debtors paid in full their 1990 tax liability. Soon after the Debtors received from the IRS a "Reminder of Unpaid Tax" stating that the Debtors owed $149.93 for the year 1990 tax year which included penalty and interest. In June of 1991, the Debtors made an inquiry with the IRS as to the reason for the "Reminder of Unpaid Tax." The IRS, in a letter, explained that a portion of the payment for the 1990 tax year liability had been devoted to the 1982 tax liability and therefore was unavailable to be applied to the 1990 taxes. This resulted in a deficiency in the payment for the 1990 tax year.

On November 25, 1991, the IRS issued a "Notice of Intent to Levy," founded on the Debtors' failure to pay their federal income taxes for the 1990 tax year. On January 16, 1992, the Debtors' attorney informed the IRS District Counsel Office by certified mail that the attempt to collect taxes for the 1982 tax year was wrongful. The Debtors' counsel also requested that the IRS acknowledge that the Debtors did not owe income taxes for either 1982 or 1990 and that no further attempt to collect for those tax years would be made. On February 3, 1992, the IRS Bankruptcy Unit responded by letter, stating that corrections and adjustments to the 1990 tax year indebtedness had been made. The letter stated that the amount wrongfully applied to the 1982 taxes from the 1990 taxes had been credited to the 1990 tax year, thus correcting any deficiency. The IRS declared that abatement for the 1982 tax liability had been requested and would be monitored until completed.

The Debtors filed their 1991 tax return in a timely manner. Their return reflected an overpayment by the Debtors in the 1991 tax year of $1,631.00. On February 10, 1992, the Debtors received from the IRS a "Notice of Overpaid Taxes Applied to Other Federal Taxes Owed." This notice explained that $164.79 of the $1,631.00 of overpaid tax by the Debtors for the 1991 tax year was applied by the IRS to taxes owed by the Debtors for the 1990 tax year.

On March 2, 1992, the IRS sent a notice to the Debtors entitled "Statement of Adjustment to Your Account." This notice stated that the Debtors owed $93.33 to the IRS. After reviewing the correspondence, it was determined that this demand of $93.33 was another attempt by the IRS to collect for the discharged 1982 taxes.

Since the Supreme Court's decision in *Nordic Village*, several courts have held that, under § 106(c) of the Bankruptcy Code, monetary relief cannot be awarded to a debtor for a violation of the discharge order or the automatic stay by the United States. Some courts have interpreted *Nordic Village* to preclude monetary recovery against the Internal Revenue Service for its violation of the automatic stay. *In re Nichols*, 143 B.R. 104 (Bankr.S.D.Ohio 1992); *In re Stuber*, 142 B.R. 435 (Bankr. D.Kan.1992); *contra In re Tyson*, 145 B.R. 91 (Bankr.M.D.Fla.1992) (Sanctions can be awarded against the I.R.S.). A Kansas United States District Court, relying on *Nordic Village*, held that monetary relief, such as awarded attorney fees, actual damages, and sanctions, cannot be awarded under § 106(c) for violating the discharge order. *In re Shafer*, 146 B.R. 477 (D.Kan. 1992).

Despite the cases previously cited, this court follows Judge Paskay's recent decision of *In re Moulton*, 146 B.R. 495 (Bankr.M.D.Fla.1992), which held that *Nordic Village* does not prevent sanctions from being awarded against the IRS for the willful violation of the court's discharge order. *Moulton* stated that the Supreme Court in *Nordic Village* did not discuss the interplay between the award of damages founded on the violation of the permanent injunction pursuant to § 524 of the Bankruptcy Code and sovereign immunity. *Nordic Village* involved an action for the recovery of a money judgment against the IRS on claims, whereas the action in the present case is not an attempt by the Debtors to assert a claim for a money judgment. The Debtors are only attempting to compel sanctions against the IRS for an allegedly willful, knowing violation of the court's permanent injunction.

Although § 524 does not use the terms "creditor," "entity," or "governmental unit" as used in § 106(c)[1], a reasonable reading of § 524(a)(2)[2] leaves no question that this subsection is applicable to all "creditors," even the United States. Since the IRS is a creditor, it is "bound by the protection provided by the general bankruptcy discharge." *Moulton*, at 498. The permanent discharge under § 524 was designed by Congress to give the debtors a fresh start. "The basic purpose of the Bankruptcy Code is to give the debtors a 'new bid for life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.'" *Id.* (citing, *Local Loan Company v. Hunt*, 292 U.S. 234, 244–45, 54 S.Ct. 695, 699, 78 L.Ed. 1230, 1235, (1933)).

Interpreting § 524 in a different manner would make this subsection insignificant, since it would allow the IRS to hound the discharged debtors without feeling the ill effects of behavior prohibited by the permanent discharge injunction. "Thus, the fact that § 524(a)(2) does not include the 'trigger terms' is of no consequence." *Id.* Section 524 affords the Debtors protection which is binding upon the IRS. The IRS is subject to the consequences of a violation of the permanent discharge injunction under § 524, notwithstanding the Supreme Court's decision in *Nordic Village*.

If it is later determined that *Nordic Village* precludes the award of sanctions against I.R.S. for violating the permanent discharge order, then a truly inequitable result has occurred. The Bankruptcy laws are meant to provide the unfortunate but honest debtor protection through the automatic stay as well as a fresh start through a discharge. To disallow the court the authority to enforce its own orders through the award of sanctions against the United States for intentional and willful violations of the automatic stay and discharge injunction strips the court of its judicial power. Such a result would be an open invitation to the Internal Revenue Service and other entities of the United States to badger honest debtors since *Nordic Village* would have taken away the protection afforded by the bankruptcy laws. In such a case, Congress should take notice of the inequities that *Nordic Village* has caused and statutorily correct the travesty.

An order in accordance with this Memorandum Opinion will be entered.

### ORDER

In accordance with the Memorandum Opinion issued this date, the Government's motion to dismiss is hereby denied.

SO ORDERED.

---

1. Section 106(c) provides:

"(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and
(2) a determination by the court of an issue arising under such a provision binds governmental units." 11 U.S.C.A. § 106(c) (West 1979).

2. Section 524(a)(2) states:

"(a) A discharge in a case under this title—
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and" 11 U.S.C.A. § 524(a)(2) (West 1979 & Supp.1992).