**In re Jan M. BROWN, Pete D. Brown, Debtors.**

**Jan M. BROWN, Plaintiff,**

v.

**UNITED STATES of America Acting By and Through the INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 86–00031.**
**Adv. No. 93–1016.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Sept. 20, 1993.

Scott J. Klosinski, Augusta, GA, for plaintiff.

Kenneth Etheridge, Asst. U.S. Atty., Augusta, GA, Steven Shapiro, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Jan M. Brown ("debtor") filed this adversary proceeding against the United States of America alleging a violation of the permanent injunction of 11 U.S.C. § 524 and a violation of the stay of 11 U.S.C. § 362 by the Internal Revenue Service ("IRS"). In its answer the IRS asserts that this court lacks subject matter jurisdiction over the action because the government has not waived sovereign immunity. Having considered the briefs submitted by the parties and having consulted applicable authorities, I make the following findings of fact and conclusions of law.

Debtor and her now deceased husband Pete Brown filed for relief with this court

under chapter 13 of title 11 United States Code on January 7, 1986. The debtor listed the IRS in the filed schedules. The IRS filed a proof of claim in the amount of $9,240.14 which was paid in full over the life of the plan pursuant to the order of confirmation dated June 10, 1986. On November 19, 1990 debtors received a discharge after completion of the plan. The case was closed December 3, 1990. On February 10, 1993 Jan M. Brown filed a motion to reopen her chapter 13 case pursuant to 11 U.S.C. § 350(b) in order to file an adversary proceeding against the IRS for alleged violations of the discharge order and alleged violations of the automatic stay. This motion was granted on March 8, 1993. On March 12, 1993 debtor filed the current adversary proceeding.

In her complaint debtor alleges the following:

1. After receiving a copy of the discharge, the IRS filed Federal Tax Liens against property of debtor on or about October 28, 1992. The liens were for taxes allegedly remaining unpaid and arising prior to 1986 and which were discharged in debtor's chapter 13 case.

2. During the pendency of the debtor's chapter 13 case, even though a proof of claim had been filed and was allowed in the order of confirmation, and the trustee was paying said claim, the IRS seized and willfully withheld the debtor's tax refund checks as follows:

| | | |
|---|---|---|
| 1991 | – – | $917.94 |
| 1990 | – – | $1070.17 |
| 1989 | – – | $1597.46 |
| 1988 | – – | $1260.67 |
| 1987 | – – | $946.17 |

3. These tax refunds were property of the estate.

4. During the pendency of the case the IRS violated the automatic stay by willfully exercising control and possession over property of the estate. The filing of liens by the IRS constitute acts to collect or recover claims against the debtor that arose pre-petition in violation of the discharge order.

In response to the allegations contained in debtor's complaint, the IRS answered and admits that tax liens were filed for taxes relating to years 1981–1984, but avers that these liens were immediately released upon receiving notification of the discharge from the debtor. The IRS also admits that it retained a refund check for the year 1987, but avers that refund checks for all tax years at issue have subsequently been returned or are in the process of being returned to debtor.

In bringing this adversary proceeding debtor seeks a return of all refunds withheld during the pendency of the case, any actual damages that may be proved at trial, including costs and attorney fees, and punitive damages pursuant to 11 U.S.C. § 362(h) for the willful violation of the stay of 11 U.S.C. § 362 by the IRS. In addition, the debtor also seeks to recover all actual and special damages that may be proved at trial, punitive damages, court costs, and attorney fees for the violation of the permanent injunction of 11 U.S.C. § 524 by the IRS.

The government has raised the defense of sovereign immunity, contending that this court lacks subject matter jurisdiction to grant any relief to the plaintiff. Based on recent case law, including decisions of this court and the district court for the Southern District of Georgia and relevant statutes, I find that the government has waived sovereign immunity with regard to the alleged § 362 stay violation, but not with regard to the alleged § 524 violation. Accordingly, this court has subject matter jurisdiction only to hear the debtor's § 362 claim.

The issue is whether the doctrine of sovereign immunity bars the imposition of monetary damages against the IRS for a violation of the stay of 11 U.S.C. § 362 or for a willful violation of the permanent injunction established upon a debtor's discharge in bankruptcy by 11 U.S.C. § 524.

The doctrine of sovereign immunity bars all lawsuits against the United States unless the government's consent to be sued has been "unequivocally expressed". *Irwin v. Veterans Affairs*, 498 U.S. 89, 93, 111 S.Ct. 453, 457, 112 L.Ed.2d

435 (1990); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). A waiver of immunity is to be construed strictly in favor of the sovereign, and must not be enlarged beyond what the language requires. *United States v. Nordic Village Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

In the bankruptcy context 11 U.S.C. § 106 provides a limited waiver of sovereign immunity.

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction and occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106.

### The § 362 claim

The debtor contends that § 106(a) provides for a waiver of sovereign immunity with regard to the § 362 claim. I agree. I have previously held that § 106(a) waived the government's sovereign immunity defense for violations of the automatic stay under 11 U.S.C. § 362(a) and allowed for an award of damages under § 362(h). *In re Taylor,* Chapter 13 Case No. 89–11583, Adv. No. 90–1036, 1990 WL 424983 (Bankr. S.D.Ga. Sept. 21, 1990), *aff'd,* CV191–093, 1991 WL 537024 (S.D.Ga. Sept. 5, 1991), *reaff'd* 148 B.R. 361 (S.D.Ga.1992).

Bankruptcy Code § 106(a) provides for the waiver of sovereign immunity where

1. the complaint asserts a claim against a governmental unit and the claim is property of the estate;

2. the governmental unit has a claim; and

3. the claim against the governmental unit arises out of the same transaction and occurrence as the governmental unit's claim.

*See* 11 U.S.C. § 106(a), *supra.*

■ As in the present case, in *Taylor* the debtor's § 362 claim was based on the IRS wrongfully withholding a tax refund during the pendency of the bankruptcy case. In *Taylor* I found that all 3 requirements for a waiver under § 106(a) had been met: the debtor's claim was against a governmental unit, the IRS; the § 362(h) damages claim brought by the debtor was "property of the estate"; and the debtor's claim arose out of the same transaction and occurrence as the IRS's claim for unpaid taxes. *In re Taylor,* Chapter 13 Case No. 89–11583, Adv. No. 90–1036, slip op. at 5–8, 1990 WL 424983 at *2, *3.

The only significant factual difference between the present case and *Taylor* is that the adversary proceeding in *Taylor* was brought during the pendency of the case, while the present action was brought pursuant to a reopening of the debtor's chapter 13 case. This distinction, however, does not render *Taylor* inapposite to the present action. In the present case, as in *Taylor,* the violations complained of occurred during the pendency of the Chapter 13 case. Therefore, debtor's claim against the IRS for wrongfully withholding a tax refund arose out of the same transaction and occurrence as the IRS's claim for unpaid taxes.

The only remaining issue is whether a claim for damages under 362(h) when brought by a debtor after a case has been closed and then reopened is still "property of the estate". In chapter 13 cases, what constitutes property of the estate is determined by 11 U.S.C. sections 541 and 1306. Section 541 provides in pertinent part:

(a) The commencement of a case under section 301 ... of this title creates an

estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

(5) Any interest in property *that the estate acquires after the commencement of the case.* (emphasis added).

Section 1306 provides in pertinent part:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title.

(1) all property of the kind specified in such section *that the debtor acquires* after the commencement of the case but *before the case is closed,* dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; .... (emphasis added).

In this case, the estate acquired a claim against the IRS during the pendency of the case when the alleged violations arose, before the case was closed. The reopening of a bankruptcy case does not change the fact that this potential cause of action constituted property of the estate during the pendency of the underlying case. One reason to reopen a case under § 350 is to administer such estate assets.[1] Accordingly, as the debtor's claim in the present case is "property of the estate" and not distinguishable from *Taylor* on this ground, my decision in *Taylor* controls the sovereign immunity issue on the § 362 claim.

■ The IRS contends, however, that § 106(a) does not provide for a waiver of its sovereign immunity because they have not filed a proof of claim in the debtor's *current* bankruptcy. This objection is unfounded. I ruled in *Taylor* that § 106(a) requires that the governmental unit need only have a "claim" against the debtor, and need not have filed a "proof of claim" in the case for there to be a waiver of sovereign immunity under that subsection. *In re Taylor,* Chapter 13 Case No. 89–11583, Adv. No. 90–1036, slip op. at 5–6, 1990 WL

424983 at *2. However, subsequent to the *Taylor* decision, the Supreme Court of the United States appeared to contradict *Taylor* when it stated in *United States v. Nordic Village, Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992), that § 106(a) required the filing of a proof of claim. However, in *Taylor* on appeal the district court found this statement by the Supreme Court to be dicta and affirmed my decision on this issue. *In re Taylor,* 148 B.R. 361, 364 (S.D.Ga.1992). Accordingly, as long as the IRS had a claim against debtor, no proof of claim needs to have been filed by the IRS in this case for a waiver of sovereign immunity to be found under § 106(a). However, the IRS did file a proof of claim in the underlying case. The IRS assertion that no proof of claim was filed in debtor's *current* bankruptcy mistakes the nature of the current proceeding. Debtor has not filed a new bankruptcy case. She has merely reopened the old one and filed an adversary proceeding. Therefore, even if the filing of a proof of claim was required, one was filed and, no *new* proof of claim filing is required for § 106(a)'s waiver provision to be effective.

Therefore, I find that debtor has met all the requirements for the government's waiver of sovereign immunity in regard to her § 362 claim under the *Taylor* decision. Accordingly, this court has jurisdiction to hear debtor's § 362 violation claim.

### *The § 524 claim*

Debtor also seeks to sue the government for a violation of the permanent injunction established by issuance of the discharge order under 11 U.S.C. § 524(a)(2), which provides in pertinent part:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor,

---

1. 11 U.S.C. § 350 provides in pertinent part: (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

whether or not discharge of such debt is waived; ....

As *Taylor* involves § 362 and is distinguishable, it does not control a determination of whether § 106 establishes a waiver of sovereign immunity when the government is charged with a § 524 violation. Accordingly, an analysis of each subsection of § 106 must be made.

As noted previously, § 106(a) provides for the waiver of sovereign immunity where

1. the complaint asserts a claim against a governmental unit and *the claim is property of the estate;*

2. the governmental unit has a claim; and

3. the claim against the governmental unit arises out of the same transaction and occurrence as the governmental unit's claim.

*See* 11 U.S.C. § 106(a), *supra.*

 As with the *Taylor* § 362 claim, the important inquiry under § 106(a) with regard to debtor's claim for damages for the § 524 violation is whether that claim is "property of the estate." I find it is not. In chapter 13 cases, property of the estate consists of interests of the debtor in property that exist as of the commencement of the case or that are acquired before the case is closed, dismissed or converted. *See* 11 U.S.C. §§ 541, 1306 *supra.* In the present case, debtor's claim against the IRS for violation of the § 524 injunction did not exist at the commencement of her original chapter 13 case, nor did she acquire such a claim during the pendency of the case as she did with the § 362 claim. Instead, taking the allegations of debtor's complaint as true, the alleged violation arose only after the original chapter 13 case was closed. Therefore, such claim is not property of the estate under the Bankruptcy Code. Any recovery under the claimed § 524 violations would inure to the benefit of debtor alone, not to the estate. This result is not affected by the fact that debtor's case was reopened to bring this adversary proceeding. The reopening of a case does not change what is property of the estate under the Bankruptcy Code at the time the case was closed. Accordingly, as the debtor's § 524 claim against the IRS is not property of the estate, the requirements for the waiver of the government's sovereign immunity under § 106(a) have not been met.

Section 106(b) provides for a waiver of sovereign immunity when the estate seeks to exercise a set-off against a claim filed by the government. *See* 11 U.S.C. § 106(b) *supra.* The debtor seeks to recover a money judgment against the government, not a setoff. Moreover, the claim against the governmental unit under this section must also be "property of the estate". For the reasons outlined previously debtor's § 524 claim does not meet this criteria. Accordingly, § 106(b) also fails to provide for a waiver of the government's sovereign immunity.

A plain reading of § 106(c), *supra*, establishes that for a waiver of sovereign immunity to exist under that subsection, the section upon which a debtor's claim relies must contain one of the trigger words "creditor", "entity", or "governmental unit". Section 524, on which debtor relies in this case, does not contain those words. Accordingly, § 106(c) cannot provide for a waiver of sovereign immunity in regard to debtor's § 524 claim.

Moreover, in *United States v. Nordic Village, Inc.,* — U.S. —, —, 112 S.Ct. 1011, 1017, 117 L.Ed.2d 181 (1992) the Supreme Court of the United States held that § 106(c) does not authorize the recovery of a monetary judgment against the United States. Under the Supreme Court's interpretation of § 106(c), only declaratory or injunctive relief is available against the United States. *Nordic Village, Inc.,* — U.S. at — — —, 112 S.Ct. at 1015–16. For the § 524 claim, debtor seeks recovery of monies collected by the IRS post-discharge, any special and actual damages proved, punitive damages, and all court costs and attorney fees. Section 106(c) does not waive the government's sovereign immunity to allow recovery of this type of relief.

Nevertheless, the debtor contends such relief is available because bankruptcy

courts in this circuit in post-*Nordic Village* decisions have allowed awards of monetary sanctions and attorney fees against the government under § 106(c) for IRS violations of the § 524 discharge injunction. *See In re Moulton,* 146 B.R. 495 (Bankr. M.D.Fla.1992); *In re Daniels,* 150 B.R. 985 (Bankr.M.D.Ga.1992) (adopting the reasoning in *Moulton* ). I decline to follow these decisions. The court in *Moulton* held that the Supreme Court's decision in *Nordic Village* did not prevent sanctions against the IRS because *Nordic Village* involved an action seeking a monetary recovery on claims [2] and did not involve a § 524 violation. According to the *Moulton* court sanctions against the IRS do not constitute a claim for a money judgment precluded from recovery against the government by *Nordic Village. Moulton,* 146 B.R. at 497. I disagree. The Supreme Court's reading of § 106(c) in *Nordic Village* effectively limited that subsection solely to a waiver of the government's sovereign immunity with regard to declaratory and injunctive relief. Recovery of money collected by the IRS, actual and special damages, *and* sanctions against the United States through allowance of court costs, attorney fees, and punitive damages all constitute monetary relief for which § 106(c) has not provided a waiver of the government's sovereign immunity. *See In re Shafer,* 146 B.R. 477 (D.Kan.), *amended,* 148 B.R. 617 (1992).

Furthermore, the *Moulton* court found a waiver of sovereign immunity under § 106(c), even though § 524 does not contain any of the trigger words required by § 106(c) before sovereign immunity is waived under that subsection. According to the *Moulton* court, this absence is of "no consequence" because § 524 clearly applies to all "creditors", the government is a

creditor, and to allow the absence of these trigger words to prevent a waiver of sovereign immunity would permit the government to pursue a discharged debtor with impunity. *Moulton,* 146 B.R. at 497–98. While this may be the unfortunate effect of § 106(c) in regard to § 524 violations by the IRS, its plain meaning cannot be ignored. Central to the doctrine of sovereign immunity is the principle that a waiver of this immunity can occur only by unequivocal statutory language. Equitable concerns are not relevant when deciding if immunity has been waived. *In re Shafer,* 146 B.R. at 481 (citing *Ardestani v. INS,* — U.S. —, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991)). Any correction of such inequities is the province of the legislative branch.

In summary, I find that § 106 of the Bankruptcy Code provides a waiver of sovereign immunity in regard to the relief requested under debtor's claim that the IRS violated the automatic stay of § 362, but that § 106 does not provide for such a waiver in regard to the relief requested under debtor's claim that the IRS violated § 524's permanent injunction. Accordingly, this court has subject matter jurisdiction only to hear debtor's § 362 claim. The § 524 claim is ORDERED dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b).

---

**2.** In *Nordic Village* an unauthorized post-petition transfer to the IRS was sought to be recovered under 11 U.S.C. §§ 549(a), 550.