In re Pierce Lamar HARDY, Debtor.

Pierce Lamar HARDY, Plaintiff,

v.

UNITED STATES of America Acting By and Through the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 85–10820.
Adv. No. 93–1018.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Sept. 20, 1993.

Scott Klosinski, Augusta, GA, for plaintiff.

Kenneth Etheridge, Office of the U.S. Atty., Augusta, GA and Steven Shapiro, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Pierce Lamar Hardy ("debtor") filed this adversary proceeding against the United States of America for an alleged violation of the permanent injunction of 11 U.S.C. § 524(a)(2) [1] by the Internal Revenue Service ("IRS"). In its answer the IRS asserts that this court lacks subject matter jurisdiction over the action because the government has not waived sovereign immunity. Having considered the briefs submitted by the parties and having consulted applicable authorities, I make the following findings of fact and conclusions of law sustaining the IRS' jurisdictional defense and dismissing the adversary proceeding pursuant to Federal Rule of Civil Procedure 12(h)(3) made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 7012(b).

The relevant facts can be extracted from the reopened underlying case file. Debtor filed for relief with this court under Chapter 13 of title 11 United States Code on November 6, 1985. The debtor listed the IRS in the

---

1. 11 U.S.C. 524(a)(2) provides in pertinent part: (a) A discharge in a case under this title— (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ....

filed schedules. The IRS filed a proof of claim in the amount of $11,640.99 which was paid in full over the life of the plan pursuant to the order of confirmation dated April 15, 1986. On April 5, 1991 debtor received a discharge after completion of the plan. The case was closed on April 11, 1991. On February 16, 1993 debtor filed a motion to reopen his chapter 13 case pursuant to 11 U.S.C. § 350(b) in order to file an adversary proceeding against the IRS for alleged violations of the discharge order. This motion was granted on February 25, 1993. On March 18, 1993 debtor filed the current adversary proceeding.

In his complaint debtor alleges the following:

1. After receiving a copy of the discharge, the IRS contacted the debtor by letter and requested payment of $4,109.31 for the tax period ending December 1984.

2. In response, debtor had his attorney, Mr. John Wills, send a letter to the IRS notifying them of the bankruptcy and discharge. Copies of the bankruptcy and trustee's printout were sent to the IRS for its convenience.

3. The IRS responded to Mr. Wills' letter with a levy on debtor's bank account on July 9, 1992. The IRS was again notified of the bankruptcy and discharge and a letter was sent dated July 14, 1992 to the IRS levy officer, W. Roberts, also containing the same notice.

4. On Friday August 7, 1992 Agent Roberts went to the home of debtor. After a discussion in which debtor again notified Agent Roberts of the bankruptcy and discharge, Agent Roberts coerced debtor into signing a blank check made payable to the IRS. Agent Roberts filled in the amount he contended debtor owed the IRS, $3,465.61.

5. Agent Roberts indicated that debtor's account with the IRS was now clear. However, on January 16, 1993 debtor received a notice of levy for the tax period ending December 1984 in the amount of $2,902.41.

6. The filing of the lien by the IRS, the collection letters, and the actual collection of money constitutes acts to collect or recover claims against the debtor that arose pre-petition and therefore, violate the discharge order.

In response to the allegations contained in debtor's complaint, the IRS answered and avers that it lacks knowledge as to the truth of these allegations, except that it admits that Agent Roberts did go to debtor's home to collect tax liabilities, a portion of which had been discharged in the debtor's prior chapter 13 proceeding. However, the IRS contends that this violation of the discharge order was inadvertent.

In bringing this adversary proceeding debtor seeks a return of all money paid to the IRS after the discharge, any special and actual damages that may be proved at trial, punitive damages and all costs of court including reasonable attorney fees pursuant to 11 U.S.C. § 105. In defending against this complaint, the IRS raises the defense of sovereign immunity, contending that this court lacks subject matter jurisdiction to grant any relief to the plaintiff. Considering recent case law and the relevant statutes, I am left with no alternative but to find, albeit reluctantly, that taking as true all allegations in debtor's complaint, this court lacks jurisdiction to hear this claim against the United States.

The issue is whether the doctrine of sovereign immunity bars the imposition of monetary damages against the government for the IRS' willful violation of the permanent injunction established by 11 U.S.C. § 524(a)(2) upon a debtor's discharge in bankruptcy.

 The doctrine of sovereign immunity bars all lawsuits against the United States unless the government's consent to be sued has been "unequivocally expressed". *Irwin v. Veterans Affairs,* 498 U.S. 89, 93, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). A waiver of immunity is to be construed strictly in favor of the sovereign, and must not be enlarged beyond what the language requires. *United States v. Nordic Village Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

In the bankruptcy context, 11 U.S.C. § 106 provides a limited waiver of sovereign immunity.

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction and occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106.

The plain language of 11 U.S.C. § 106 does not provide for an unequivocal waiver of sovereign immunity in this case.

■ In contending that § 106 does provide for a waiver of the government's sovereign immunity, the debtor relies primarily on my decision in *In re Taylor*, Chapter 13 Case No. 89–11583, Adv. No. 90–1036, 1990 WL 424983 (Bankr.S.D.Ga. Sept. 21, 1990), *aff'd*, CV191–093, 1991 WL 537024 (S.D.Ga. Sept. 5, 1991), *reaff'd*, 148 B.R. 361 (S.D.Ga.1992). In *Taylor* I held that § 106(a) waived the government's sovereign immunity for violations of the automatic stay under 11 U.S.C. § 362(a) and allowed for an award of damages under § 362(h). *Id.* However, in the case *sub judice*, debtor charges a violation of the permanent injunction established by issuance of the discharge order under 11 U.S.C. § 524(a)(2). Accordingly, *Taylor* is distinguishable and does not control in determining whether § 106(a) establishes a waiver of sovereign immunity when the government is charged with a § 524 violation.

Bankruptcy Code § 106(a) provides for the waiver of sovereign immunity where

1. the complaint asserts a claim against a governmental unit and *the claim is property of the estate;*

2. the governmental unit has a claim; and

3. the claim against the governmental unit arises out of the same transaction and occurrence as the governmental unit's claim.

*See* 11 U.S.C. § 106(a), *supra.* In *Taylor*, I found all three requirements of § 106(a) where the IRS withheld a tax refund owed the debtor and set off that refund against debtor's tax liability during the pendency of bankruptcy. However, unlike *Taylor*, where the § 362(h) claim for damages was "property of the estate" as required by § 106(a), in this case the debtor's claim for damages for the alleged § 524 violation is not "property of the estate" as defined by the Bankruptcy Code.

In chapter 13 cases, what constitutes property of the estate is determined by 11 U.S.C. sections 541 and 1306. Section 541 provides in pertinent part:

(a) The commencement of a case under section 301 ... of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) ... all legal or equitable interests of the debtor in property *as of the commencement of the case.* (emphasis added).

Section 1306 provides in pertinent part:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case *but before the case is closed*, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; .... (emphasis added).

Taken together, these sections provide that property of the estate in a chapter 13 case consists of interests of the debtor in property that exist as of the commencement of the case or that are acquired before the case is closed, dismissed or converted.

In the present case, debtor's claim against the IRS for violation of the § 524 injunction did not exist at the commencement of his chapter 13 case, nor did he acquire such a claim during the pendency of the case. Instead, taking the allegations of the debtor's complaint as true, the alleged violation arose only after the chapter 13 case was closed. Therefore, such claim is not property of the estate under the Bankruptcy Code. Any recovery under debtor's complaint would inure to the benefit of debtor alone, not to the estate. This result is not affected by debtor's reopening of the case to bring this adversary proceeding. The reopening of a case does not change what was property of the estate under the Bankruptcy Code prior to the time the case was closed. Accordingly, as the debtor's claim against the IRS is not property of the estate, the requirements for the waiver of sovereign immunity under § 106(a) have not been met.

■ Section 106(b) provides for a waiver of sovereign immunity where the estate seeks to exercise a set-off against a claim filed by the government. *See* 11 U.S.C. § 106(b) *supra.* Debtor's complaint seeks to recover money from the government, not a setoff. Moreover, the claim against the governmental unit under this section must also be "property of the estate". For the reasons previously outlined, debtor's § 524 claim does not meet this criteria. Accordingly, § 106(b) also fails to provide for a waiver of the government's sovereign immunity.

■ A plain reading of § 106(c), *supra,* establishes that for a waiver of sovereign immunity to exist under that subsection, the Bankruptcy Code section upon which a debtor's claim relies must contain one of the trigger words "creditor", "entity", or "governmental unit". Section 524, on which debtor's claim is based, does not contain those words. Accordingly, § 106(c) cannot provide for a waiver of the government's sovereign immunity.

■ In *United States v. Nordic Village, Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011,

1017, 117 L.Ed.2d 181 (1992), the Supreme Court of the United States held that § 106(c) does not authorize the recovery of a monetary judgment against the United States. Under the Supreme Court's interpretation of § 106(c), only declaratory or injunctive relief is available against the United States under that subsection. *Nordic Village, Inc.,* —— U.S. at —— – ——, 112 S.Ct. at 1015–16. In this case debtor seeks recovery of monies collected by the IRS post-discharge, any special and actual damages proved, punitive damages, and all court costs including attorney fees. Section 106(c) does not waive the government's sovereign immunity to allow recovery of this type of relief.

Nevertheless, the debtor contends such relief is available because bankruptcy courts in this circuit in post-*Nordic Village* decisions have allowed awards of monetary sanctions and attorney fees against the government under § 106(c) for IRS violations of the § 524 discharge injunction. *See In re Moulton,* 146 B.R. 495 (Bankr.M.D.Fla.1992); *In re Daniels,* 150 B.R. 985 (Bankr.M.D.Ga. 1992) (adopting the reasoning in *Moulton* ). I decline to follow these decisions. The court in *Moulton* held that the Supreme Court's decision in *Nordic Village* did not prevent sanctions against the IRS because *Nordic Village* involved an action seeking a monetary recovery on claims [2] and did not involve a § 524 violation. According to the *Moulton* court, sanctions against the IRS do not constitute a claim for a money judgment precluded from recovery against the government by *Nordic Village. Moulton,* 146 B.R. at 497. I disagree. The Supreme Court's reading of § 106(c) in *Nordic Village* effectively limited that subsection to a waiver of sovereign immunity with regard to declaratory and injunctive relief. Recovery of money collected by the IRS, actual and special damages, *and* sanctions against the United States through allowance of court costs, attorney fees, and punitive damages as sought by the debtor all constitute monetary relief for which § 106(c) has not provided a waiver of sovereign immunity. *See In re Shafer,*

---

**2.** In *Nordic Village* an unauthorized post-petition transfer to the IRS was sought to be recovered

under 11 U.S.C. §§ 549(a), 550.

146 B.R. 477 (D.Kan.), *amended,* 148 B.R. 617 (1992).

■ Furthermore, the *Moulton* court finds a waiver of sovereign immunity under § 106(c), even though § 524 does not contain any of the trigger words required by § 106(c) before sovereign immunity is waived under that subsection. According to the *Moulton* court, this absence is of "no consequence" because § 524 clearly applies to all "creditors", the government is a creditor, and to allow the absence of this trigger word to prevent a waiver of sovereign immunity would permit the government to pursue a discharged debtor with impunity. *Moulton,* 146 B.R. at 497–98. While this may be the unfortunate effect of § 106(c) with regard to § 524 violations by the IRS, its plain language cannot be ignored. Central to the doctrine of sovereign immunity is the principle that a waiver of this immunity can occur only by unequivocal statutory language. Equitable concerns are not relevant when deciding if immunity has been waived. *In re Shafer,* 146 B.R. at 481 (citing *Ardestani v. INS,* —— U.S. ——, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991)). Any correction of such inequities is the province of the legislative branch. Section 106(c) of the Bankruptcy Code fails to provide a waiver of sovereign immunity in regard to the relief requested under debtor's claim that the IRS violated § 524's permanent injunction.

The government's sovereign immunity not having been waived under 11 U.S.C. § 106, this court lacks subject matter jurisdiction to hear debtor's claim. The adversary proceeding is ORDERED dismissed and the underlying case closed.