**In re Ray SHAFER and Sandra Shafer, Debtors.**

**In re Robert SCHNEIDER and Gipsy Schneider, Debtors.**

**In re Darrell WEEKLEY and Karen Weekley, Debtors.**

**In re Clifford SANDERS and Marilyn Sanders, Debtors.**

Nos. 89–4197, 89–4196, 87–4195 and 89–4200.

United States District Court, D. Kansas.

Dec. 17, 1992.

■■■■■■■■■■■■■■■■

D. Brad Bailey, Office of U.S. Atty., Topeka, KS; Martin M. Shoemaker, Office of Sp. Litigation, Tax Div., U.S. Dept. of Justice; Virginia Cronan Lowe, U.S. Dept. of Justice, Tax Div., DC; Frankie D. Taff; Charles R. Hay, Goodell, Stratton, Edmonds & Palmer; and Lloyd C. Swartz, and Joseph I. Wittman, Topeka, KS, for debtors.

## MEMORANDUM AND ORDER

CROW, District Judge.

This court decided these consolidated bankruptcy appeals on September 21, 1992, reversing the bankruptcy court's award of actual and punitive damages to the debtors as sanctions against the United States for the Internal Revenue Service's (IRS's) efforts to collect on debts that had been discharged in bankruptcy 146 B.R. 477. Specifically, this court held that bankruptcy courts had civil contempt powers but that the United States had not waived its sovereign immunity from monetary sanctions pursuant to 11 U.S.C. § 106(c). Even so, the district court offered another reason, not argued by the parties nor discussed by the bankruptcy court, for upholding the bankruptcy court's award of attorney's fees as a sanction. The district court turned to *Adamson v. Bowen*, 855 F.2d 668, 670–71 (10th Cir.1988), where the Tenth Circuit had held that attorney's fees as a sanction under Fed.R.Civ.P. 11 could be imposed against the United States as a result of its broad waiver of sovereign immunity under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b). The district court reasoned that if the EAJA waiver reached Rule 11 sanctions then it naturally extended to contempt sanctions.

The case comes before the court now on the United States' motion to alter or amend. (Dk. 7). It argues first that the district court erroneously relied on EAJA rather than 26 U.S.C. § 7430.[1] Next, it contends the debtors have not satisfied the requirements of § 7430 by failing to show that they are the prevailing parties, that the defendant's position was not substantially justified, and that they complied with the application requirements incorporated from the EAJA. None of the debtors filed a brief opposing the motion.

In a decision decided December 9, 1992, by the Tenth Circuit, *In re Graham*, 981 F.2d 1135 (10th Cir.1992), the precedent binding this court is found on the question whether the United States waived its sovereign immunity to an award of attorney's fees as a sanction for the IRS's conduct in bankruptcy court proceedings. In *Graham*, the bankruptcy court assessed attorney's fees and a tax refund as a sanction against the IRS for its inept handling of the litigation over a tax liability claim. The Tenth Circuit set aside both awards finding that the requirements of § 7430 had not been satisfied, that the Bankruptcy Rules did not have a counterpart to Fed.R.Civ.P. 1 which could be interpreted as waiving immunity to sanctions under the bankruptcy counterpart of Fed.R.Civ.P. 11, that the EAJA waiver used in *Adamson* does not apply because § 7430 rather than the EAJA is controlling, and that the different subsections of 11 U.S.C. § 106 did not justify the award of attorney's fees. The Tenth Circuit effectively held that no waiver of sovereign immunity as to attorney's fees against the IRS in bankruptcy cases exists unless either 11 U.S.C. § 106(a) or (b) applies or the requirements of 26 U.S.C. § 7430 are met.

■■■■ The initial question raised by the motion to alter and amend and the *Graham* decision is whether § 7430 governs these proceedings. The EAJA is inapplicable to any proceeding in which § 7430 applies. The scope of § 7430 is quite broad: "any civil proceeding which is brought by or against the United States in connection

---

1. Section § 7430 supplants its "predecessor," the EAJA, in that § 7430 governs the award of attorney's fees and costs in proceedings over tax matters. *In re Brickell Inv. Corp.*, 922 F.2d 696, 700 (11th Cir.1991).

with the determination, collection, or refund of any tax, interest, or penalty under this title." 26 U.S.C. § 7430(a)(1).[2] It seems beyond serious dispute that a proceeding to hold the IRS in contempt for attempting to collect on taxes and penalties discharged in bankruptcy is a "civil proceeding ... brought ... against the United States in connection with the ... collection ... of any tax, ... or penalty." The relationship or connection arises from the act triggering the civil contempt proceeding is the collection of a tax or penalty. By falling within the broad parameters of § 7430, this case is excluded from the EAJA. *See U.S. v. McPeck,* 910 F.2d 509, 513 (8th Cir.1990).

■ To conform to the dictates of *Graham,* this court may no longer rely on the expansive waiver of sovereign immunity for attorney's fees and costs found in the EAJA in reasoning that contempt sanctions are indistinguishable in scope and purpose from Rule 11 sanctions. *Graham,* 981 F.2d at 1140 slip op. at 11 n. 7. Indeed, the court has no choice but to grant the defendant's motion and set aside that portion of the court's order. The only available avenue now remaining to justify an award of attorney's fees is § 7430.[3] However, the debtors never proceeded under this statute and have made no effort to comply with its terms. Consequently, the court is without any legal basis on which to sustain the bankruptcy court's award of attorney's fees.

IT IS THEREFORE ORDERED that the defendant's motion to alter and amend (Dk. 7) is granted, and the court's order 'filed September 21, 1992, is amended to provide that the bankruptcy court's order of September 12, 1989, is reversed and vacated as to the imposition of all monetary damages and sanctions and attorney's fees.

---

**2.** Section 7430 was amended by the Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100–647, 102 Stat. 3342. These amendments are effective for civil actions or proceedings commenced after November 10, 1988. The contempt proceedings in each of the four bankruptcy cases were commenced before that date. Therefore, the version of § 7430 existing after the 1986 amendments but before the 1988 amendments is controlling in these cases.

**3.** As the Tenth Circuit observed in *Graham,* the responsibility falls on Congress to enact a waiver of sovereign immunity that would cover these cases. Until then, the bankruptcy courts must call upon their own creative instincts to fashion non-monetary contempt remedies that will bring about or encourage compliance from the IRS.