In re Barry L. SNELLER, Deborah Lynn Sneller, Debtors.

Barry L. SNELLER, Deborah Lynn Sneller, Plaintiffs,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 87–02924–RRS–13.
Adv. No. 92–00224–AP–RRS–13.

United States Bankruptcy Court, M.D. Alabama, N.D.

Feb. 11, 1993.

Earl Gillian, Jr., Montgomery, AL, for plaintiffs.

Calvin C. Pryor, Asst. U.S. Atty., Montgomery, AL, for defendant.

## OPINION ON MOTION OF IRS CLAIMING SOVEREIGN IMMUNITY

RODNEY R. STEELE, Chief Judge.

Barry and Deborah Sneller (Plaintiffs) filed a petition for relief under the Bankruptcy Code on November 13, 1987. The debtors' plan was confirmed by this court on January 6, 1988. The debtors' confirmed plan provided for full payment as a priority debt of the taxes owed to the Internal Revenue Service (IRS). Debtors received their Chapter 13 discharge on November 13, 1991.

The tax debt to the IRS was paid in full through the Chapter 13 plan. Claim # 01 of the IRS included the tax debt owed for years 1982, 1983, 1984, and 1986.

The debtors allege through their complaint that the IRS informed them by letters in 1992, after their discharge, that the Service was offsetting tax liabilities with tax refunds due the debtors from 1991 and 1989 taxes. The liabilities which were offset consisted of liabilities for tax years 1982 and 1983, two of the years included in the debtors' Chapter 13 plan.

The debtors filed this complaint for return of tax refunds on August 27, 1992. They contend the IRS violated 11 U.S.C. §§ 362(a), 524, 1327, and 1328, by offsetting the refunds against debts paid through the Chapter 13 plan, and thus violating the permanent injunction provided after discharge. They also allege that by not promptly responding to letters sent to the Service by the debtors' attorney demanding a refund, the IRS has acted with wilful disregard of the aforementioned provisions of Title 11, U.S.C.

The debtors seek in addition "... interest, punitive damages ..., costs, attorney's fees and such other and further relief as is just."

The IRS ultimately refunded the moneys withheld to debtors, but the debtors' attorney now seeks a reasonable fee for his services in enforcing the debtors' discharge rights under 11 U.S.C. § 524, in the amount of $500 (4 hours at $125 per hour).

The United States pleads sovereign immunity to the claim of attorney's fees, and cites to *U.S. v. Nordic Village*, (1992), 503 U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181. Under that case, sovereign immunity is a good defense here unless it has been waived by some "unequivocally expressed" enactment of Congress.

And we think it has been.

The pertinent sections of the U.S.Code are Title 26, § 7430 and Title 28, § 2412(d).

Section 7430 of the Internal Revenue Code is not applicable here because this is not a "... court proceeding ... brought ... against the United States in connection with the determination, collection or refund of any tax, interest or penalty under this title...." This proceeding is not one "... brought in a court of the United States...." Section 7430(c)(6). The Bankruptcy Court is not such a court. *In re Davis*, (11th Cir.1990) 899 F.2d 1136. And this proceeding does not relate to any tax, interest or penalty under Title 26. The tax has admittedly been fully paid in the Chapter 13 case. This proceeding is to enforce the debtors' discharge injunction rights under 11 U.S.C. § 524. But for the sovereign immunity defense, the IRS would clearly be liable for a violation of that injunction order.

Sovereign immunity, in effect, will thus permit IRS to seek double collections and flout the legitimate orders of any bankruptcy court, unless there is another provision of the law which provides debtors with relief.

Section 2412(d) provides the waiver which should give that relief. It permits recovery of "... fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred ... in any civil action (other than cases sounding in tort) ... brought ... against the United States in any court having jurisdiction of that action...." Since § 7430 is not involved here because this is not a proceeding brought in a court of the United States, the exclusionary provisions of § 7430(e) do not apply.

The difficulty in this proceeding is that the Bankruptcy Court has no jurisdiction to award attorney's fees under 28 U.S.C. § 2412(d), since it is not a court of the United States. *In re Davis*, cited *supra.*

*In re Davis* suggests a method by which such an award of attorney's fees may be made, however.

The bankruptcy court may submit proposed findings and conclusions to the U.S. District Court, which is a court of competent jurisdiction. Title 28 U.S.C. § 157(c)(1).

Accordingly, proposed findings and conclusions will be submitted to the U.S. District Court for the Middle District of Alabama, for *de novo* review.