**In re ALL TRAC TRANSPORTATION, INC., Debtor.**

**All Trac Transportation, Inc., Plaintiff,**

v.

**Transportation Alliance Bank, Defendant.**

**Bankruptcy No. 02–37005–SAF–11. Adversary No. 02–3390.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 8, 2004.

Rosa R. Orenstein, Duncan McMillan, J. Seth Moore, Orenstein and Associates, P.C., Dallas, TX, Counsel for Plaintiff.

Roger J. Allen, Craig Harris, Jaime Myers, Winstead, Sechrest & Minick, P.C., Dallas, TX, Counsel for Defendant.

### MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

On February 17, 2004, the court entered its memorandum opinion and order in the above-styled adversary proceeding. The court recognized that All Trac Transportation, Inc., the plaintiff/debtor, requested the recovery of its attorney's fees for prosecuting this litigation. The court set a briefing schedule for the attorney's fees request, requiring All Trac to submit an application for the attorney's fees. The court held that it would decide the attorney's fees issue on the pleadings, unless it subsequently ordered otherwise.

On March 9, 2004, All Trac filed its application with an affidavit in a format consistent with a fee application under 11 U.S.C. § 330. On March 22, 2004, Transportation Alliance Bank (TAB), the defendant, filed its opposition to the request for attorney's fees. On March 29, 2004, All Trac filed a reply to TAB's response.

■ In its memorandum opinion, the court found that TAB had, on several occasions, violated provisions of the automatic stay of 11 U.S.C. § 362(a). A violation of the automatic stay in a corporate debtor bankruptcy case may be sanctioned by a civil contempt proceeding. *First RepublicBank Corp. v. NCNB Texas Nat'l Bank (In re First RepublicBank Corp.)*, 113 B.R. 277, 278–79 (Bankr.N.D.Tex.1989). The court also found that TAB had, on several occasions, violated provisions of court orders. The court found TAB in civil contempt of court as a result of these violations. For the contemptuous violations of the stay and court orders, the court found that All Trac established damages of $5,698.80. The court also found that TAB tortiously interfered with All Trac's contractual relationship with Allied, causing recoverable damages of $5,698.80.

■ Based on these findings, All Trac is entitled to recover reasonable attorney's fees and expenses. "[T]he proper remedy for contempt is the assessment of the damages caused by a [defendant's] actions, including attorney's fees." *In re Jones*, 164 B.R. 543, 548 (Bankr.N.D.Tex.1994); *Official Unsecured Creditors' Comm. v. Am. Sav. & Loan Ass'n of Florida (In re General Homes Corp.)*, 181 B.R. 870, 883 (Bankr.S.D.Tex.1994). Attorney's fees may be awarded where court orders must be enforced by civil proceedings. *In re Hulon*, 92 B.R. 670, 676 (Bankr.N.D.Tex. 1988).

■ As with all attorney's fees awarded by a federal court, the attorney's fees must be reasonable. All Trac must establish its fees with reasonable certainty. *General Homes*, 181 B.R. at 883. In the event of a dispute over the reasonableness of the fees, the court may draw inferences of the reasonable amount of time necessary to perform legal services based on the record of the proceeding. *See Jones*, 164 B.R. at 548 (in contested hearing, court draws inferences to determine the amount of time necessary to resolve the litigation).

■ A federal court determines reasonable attorney's fees by applying a lodestar analysis. *In re Allied Riser Communications Corp.*, 283 B.R. 420, 426 (Bankr. N.D.Tex.2002). The court assesses the reasonable number of hours worked on a project times a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Federal courts presume that the lodestar establishes a reasonable fee, although the court may make adjustments when required by specific evidence. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 553–54, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).

All Trac requests $450,506.84, representing $437,992.50 in attorney's fees and $12,514.34 in expenses. All Trac requests an additional $4,015.00 for the preparation of the fee application and $5.00 of expenses. Finally, All Trac requests that the court award fees in the event of an appeal. Of the total amount requested, All Trac attributes $386,113.00 in fees and $12,229.56 in expenses to this litigation.

■ Orenstein and Associates, P.C., represented All Trac in this litigation. Through trial, Orenstein reports total time of 2,461.25 hours, resulting in a blended hourly rate of $178.00. Individual attor-

neys charged rates ranging from $125.00 per hour to $215.00, with paralegals charging $30 or $40 per hour. Focusing only on the time spent on this litigation (2,192.65 hours), the blended rate is virtually the same. These hourly rates are reasonable, being well within the rates customarily charged in the community by attorneys with comparable experience. *Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989).

■ The court therefore turns to the reasonableness of spending 2,192.65 hours on this matter. All Trac asserts that the development of the factual issues in this case "was significantly difficult." Counsel for All Trac represents that the development of the factual background necessary for All Trac's burden of proof on the stay and court order violations "was both challenging and highly time consuming." The court recognizes the difficulty of establishing the stay and order violations. However, All Trac's counsel has not reported its time by stay or order violation or even by liability.

In the litigation, All Trac contended that TAB's violations of the automatic stay and court orders caused All Trac to terminate its long haul trucking business. All Trac further contended that it lost net profits and future net profits because of TAB's actions. All Trac failed to meet its burden of proof on these contentions. While All Trac focused on blaming TAB for the demise of All Trac's business, All Trac failed to address other causes for its business problems. Had All Trac considered its business problems, All Trac would have reasonably taken a more nuanced approach to this litigation. The litigation strategy of blaming TAB for All Trac's demise skewed the litigation, adding excessive hours of trial time and related trial preparation and pretrial disputes.

In addition, All Trac did not itemize damages caused by the specific stay and order violations. Had it done so, the litigation would have been more focused. As an example, All Trac may not have bogged down in excessive evidence concerning its drivers but may have, instead, obtained evidence from customers. Substantial portions of the time concerning drivers and fuel cards may have been dramatically obviated by evidence from a customer on the effects, if any, on the customer. Similarly, with respect to TAB's letters to customers. As another example, All Trac may not have incurred considerable time dealing with expert testimony if it had other alternative damage pleadings before the court.

TAB suggests that had All Trac itemized its damages, the case may have had a much different and less time-intensive resolution. The court does infer that the trial should not have taken eighteen days. In addition, discovery and expert motions would have been dramatically reduced. The scope of the dispute would have been diminished. The approach to discovery would have been altered.

Having presided over the trial and after a review of counsel's time records, the court can infer the reasonable amount of time needed to present the stay and court order violation issues with a reasonable approach to damages. In making these findings, the court has reviewed the witnesses' testimony, the issues, pretrial motions and All Trac's attorney's time records. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 323–24 (5th Cir. 1995); *Allied Riser,* 283 B.R. at 427–28. Recognizing the complexity of those issues yet balancing the impact on the trial of a recognition of All Trac's business problems and itemized damage allegations, the court finds that the trial should have taken no more than eight six-hour court days, with

two attorneys representing All Trac. The trial required the services of two attorneys. Total trial time should have been ninety-six hours. For that trial, the two attorneys would have reasonably needed 288 hours of trial preparation time. From the court's observations and the time records describing pretrial work, that time would break down as follows: five hours for pleadings, ten hours for the temporary restraining order, twenty hours for strategy sessions among counsel and with the client, ten hours of scheduling and organizing, 146 hours for discovery, twenty hours for summary judgment motions, and seventy-six hours for trial organization, researching, briefing, etc. The court thereupon finds the reasonable amount of time for this litigation to be 384 hours. That translates to three hours of out of court time for every hour of court time. Because counsel knew that a fee request would have to be supported by time records, the finding of total time for the litigation assumes that counsel would routinely maintain running time logs. Applying the blended rate of $178.00 per hour, the lodestar fee is $68,352.00.

 TAB contends that All Trac's request is totally disproportionate to the results obtained. Presumably, TAB would lodge a similar argument to the court's findings as well. The court's lodestar analysis results in fees approximately 11.5 times the actual damages found by the court. The court observes, however, that in addition to compensating All Trac for losses sustained, attorney's fees may be awarded as a judicial sanction in a civil contempt proceeding to coerce a defendant to comply with a court's order. *In re Reno*, 299 B.R. 823, 827–28 (Bankr. N.D.Tex.2003). The court may compensate a debtor for legal expenses to enforce rights provided under the Bankruptcy Code or pursuant to court orders. *In re*

*Chesnut*, 300 B.R. 880, 889–90 (Bankr. N.D.Tex.2003) (discussing attorney's fees in context of sanctions under 11 U.S.C. § 362(h)).

The court notes that the work on this litigation may have precluded other employment by counsel. That further supports the court's award, even though much higher than the actual damages established.

TAB objects to All Trac's request for attorney's fees incurred in the underlying bankruptcy case. The court sustains that objection and, by focusing on the time needed for trial and trial preparation, has not considered that portion of All Trac's request. All Trac necessarily incurred attorney's fees for prosecuting a voluntary Chapter 11 case. Regardless of how the TAB transaction unfolded, All Trac would have necessarily incurred expenses pursuing post-petition financing. Had the TAB relationship transitioned smoothly, All Trac would have incurred negotiating and other expenses. Had the TAB relationship soured to the extent that TAB declined to factor All Trac's accounts, All Trac would have incurred expenses addressing lift stay, cash collateral and other motions, as well as negotiating expenses. Either way, All Trac would have further incurred expenses negotiating with its other secured creditors, and addressing its related business problems.

As found in its memorandum opinion entered February 17, 2004, All Trac's recovery of attorney's fees is for prosecuting this litigation. TAB also objects to All Trac's request for projected attorney's fees for appeals. The court does not consider possible attorney's fees in the lodestar analysis. All Trac reports to the court, in its reply brief, that it intends to file a notice of appeal. All Trac's appeal comes at All Trac's expense, not at TAB's expense.

576

All Trac argues that the court has found its attorney's fees reasonable in the underlying bankruptcy case. By order entered October 1, 2003, the court awarded Orenstein and Associates, P.C., $330,277.11 for fees and expenses in the bankruptcy case. The court found that work reasonable and necessary for the bankruptcy case. Considerably before Orenstein and Associates filed its fee application in the underlying case, TAB had been paid. As a result, TAB was no longer before the court as a creditor when the court entertained creditor objections to the application. Furthermore, the instant fee application covers time not addressed in the order entered October 1, 2003. The court's adjudication of the fee application in the underlying case does not, therefore, preclude an analysis of the reasonableness of the time requested in the application in this litigation.

In its analysis of the amount of time reasonably spent on the litigation for purposes of assessing attorney's fees as part of a damages judgment in this litigation, the court recognizes that All Trac's counsel may have performed work and even structured the litigation at All Trac's request. Regardless of what All Trac and its counsel agreed to concerning payment for those services, the court must determine the reasonableness of the services pertaining to a damages judgment in this litigation. *Allied Riser,* 283 B.R. at 427–28.

No other factor warrants a deviation from the lodestar calculation. The court therefore awards fees of $68,352.00.

With regard to reimbursable out of pocket expenses, All Trac requests $12,514.58. However, All Trac attributes $12,229.56 to this litigation. An exhibit prepared by TAB reflects $12,321.66 relating to the litigation. An award of reasonable attorney's fees may include the attor-

ney's expenses. *Allied Riser,* 283 B.R. at 423. Accordingly, the court awards All Trac $12,229.56 for the recovery of its attorney's expenses.

### Order

Based on the foregoing,

**IT IS ORDERED** that the judgment ordered in favor of All Trac Transportation, Inc., pursuant to the court's order entered February 17, 2004, shall include an award of $68,352.00 for attorney's fees and $12,229.56 for the recovery of the attorney's out of pocket expenses. Pre-judgment interest shall not apply to the attorney's fees and expenses. Post-judgment interest shall apply to the judgment, including the attorney's fees and expenses. Counsel for All Trac shall submit a final judgment consistent with the order entered February 17, 2004, and this order.