In re Sheryl HUDSON, Debtor.

Sheryl HUDSON, Plaintiff,

v.

The UNITED STATES of America By and Through its Agency the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 89–10974.
Adv. No. 93–1060.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Jan. 24, 1994.

Evita A. Paschall, Augusta, GA, for debtor/plaintiff.

James B. Thompson, Jr., Trial Atty., Tax Div., Washington, DC, for defendant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

By adversary proceeding, Sheryl Hudson, debtor in the above referenced Chapter 13 case seeks a determination of contempt against the United States of America by and through its agency the Internal Revenue Service ("IRS"). In essence, the debtor alleges a violation of the stay of 11 U.S.C. § 362(a). Based upon the evidence presented at trial I make the following findings of fact and conclusions of law in favor of the IRS.

The debtor filed for relief under Chapter 13 of Title 11 United States Code on July 5, 1989. The IRS was a listed creditor. The IRS filed an allowed unsecured priority proof of claim in the amount of Four Thousand Three Hundred Seventy–One and 95/100 ($4,371.95) Dollars. The debtor's plan to pay all creditors in full over a 58–month period with monthly payments of Five Hundred Seventy–Six and No/100 ($576.00) Dollars was confirmed on December 29, 1989. The order of confirmation provided

> [N]otwithstanding any contrary provision in the plan, property of the estate revests in the debtor upon confirmation pursuant to 11 U.S.C. 1327.

The debtor and her spouse, Johnny L. Hudson, a debtor in another Chapter 13 case in this court case No. 93–10353 filed their 1992 federal tax returns on April 15, 1993 which return established their entitlement to a refund in the amount of One Thousand Two Hundred Forty–Five and 41/100 ($1,245.41) Dollars. The IRS intercepted the refund and applied it to a tax liability owed by the debtors for tax year 1990. The debtor contends this is a violation of the stay of § 362(a). The debtor is in error.

This case is controlled by my decision in *American General Finance, Inc. v. McKnight (In re McKnight)*, 136 B.R. 891 (Bankr.S.D.Ga.1992). In *McKnight* I determined that although 11 U.S.C. § 1306 provides that property of the estate includes not only the property described under § 541 but also all property of the kind specified in § 541 that the debtor acquires after the commencement of the case and earnings for services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted, the order of confirmation revested property of the estate in the debtor upon confirmation of a plan to the exclusion of post petition earnings of the debtor devoted to plan payments. As the stay of § 362(a) does not prohibit the collection of a post petition debt from post petition property of the debtor, stay relief was not necessary for the creditor to pursue collection of its post petition debt from property of the debtor.

In this case, the IRS is seeking to collect a post petition debt, taxes due for calendar year 1990 from property of the debtor, a tax refund due for calendar year 1992. The stay of § 362(a) does not apply. There is no stay violation and no basis for a finding of contempt.

It is therefore ORDERED that judgment is entered for the defendant the United States of America by and through its agency the Internal Revenue Service against the plaintiff, Sheryl Hudson. No monetary damages are awarded.