In re Johnny L. HUDSON, Debtor.

Johnny L. HUDSON, Plaintiff,

v.

UNITED STATES of America By and Through Its Agency INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 93–10353.
Adv. No. 93–1059.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Jan. 31, 1994.

Evita A. Paschall, Augusta, GA, for plaintiff in both cases.

James B. Thompson, Jr., Trial Atty., Tax Div., Washington, DC, for defendant in both cases.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Johnny L. Hudson, debtor in the above referenced Chapter 13 case, filed this adversary proceeding against the United States of America acting by and through its agency the Internal Revenue Service ("IRS") seeking a finding of civil contempt—in essence alleging a violation of the stay of 11 U.S.C. § 362(a). Based upon the evidence presented at trial I make the following findings of fact and conclusions of law in favor of the plaintiff.

The debtor Johnny L. Hudson filed for relief under Chapter 13 of Title 11 United States Code on March 4, 1993. The debtor's schedules reveal a tax debt due the IRS in the amount of Two Thousand One Hundred Twenty–Three and No/100 ($2,123.00) Dollars for federal income taxes for calendar year 1990. The IRS was a listed creditor and received notice of this filing, but did not file a proof of claim. With leave of court, the debtor filed an unsecured priority proof of claim in the scheduled amount on behalf of the IRS which claim was allowed providing for full payment under the debtor's plan

confirmed August 23, 1993. Upon the filing of the proof of claim by the debtor on behalf of the IRS, the clerk of this court gave notice to the IRS of the filing of the proof of claim. The IRS took no action to file a superseding claim or to renounce the filed claim.

On April 15, 1993 the debtor with his spouse, Sheryl Hudson, who is also a debtor in Chapter 13 case No. 89–10974, 168 B.R. 448, filed their 1992 federal income tax return reflecting a refund due in the amount of One Thousand Two Hundred Forty–Five and 40/100 ($1,245.40) Dollars. Several weeks after the filing of the return Ms. Hudson contacted the IRS and discussed the status of her refund with Ms. Judy Middlebrook a supervisor with the bankruptcy unit at the IRS. Ms. Hudson was informed that the tax refund had been intercepted based upon a prior outstanding tax liability. The IRS knew that both Mr. and Mrs. Hudson were in bankruptcy. Ms. Paschall, Mr. Hudson's bankruptcy lawyer and plaintiff's counsel in this case attempted to negotiate the release of the tax refund without success.

The debtor's filing for relief under Chapter 13 was precipitated in part by a levy issued by the IRS against the debtor's wages for the entire 1990 tax liability. The IRS now contends that if it is required to refund the 1992 tax overpayment, this debtor is only entitled to a pro rata portion of the refund due him. Additionally, the IRS asserts a defense of sovereign immunity and contends that this court lacks jurisdiction over the defendant.

■ Regarding the sovereign immunity defense, 11 U.S.C. § 106(a) provides

[a] governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

In this case the IRS has an allowed claim for a prepetition debt and the debtor's claim against the IRS for stay violation arose out of the same transaction or occurrence out of which the IRS' claim arose. *See generally In re Taylor,* Chapter 13 case No. 89–11583, Adv.Proc. No. 90–1036, 1990 WL 424983 (Bankr.S.D.Ga. Sept. 21, 1990), *aff'd,* CV191–093, 1991 WL 537024 (S.D.Ga. Sept. 5, 1991), *reaff'd,* 148 B.R. 361 (S.D.Ga.1992); *Brown v. United States of America (In re Brown),* 159 B.R. 1014 (Bankr.S.D.Ga.1993).

I have previously held that § 106(a) waived the government sovereign immunity defense for violations of the automatic stay under 11 U.S.C. § 362(a) and allowed for an award of damages under § 362(h). *In re Taylor, [supra].*

Bankruptcy Code § 106(a) provides for a waiver of sovereign immunity where

1. the complaint asserts a claim against a governmental unit and the claim is property of the estate;

2. the governmental unit has a claim; and

3. the claim against the governmental unit arises out of the same transaction and occurrence as the governmental unit's claim. *See* 11 U.S.C. § 106(a) *supra.*

As in the present case [Hudson], in *Taylor* the debtor's § 362 claim was based on the IRS wrongfully withholding a tax refund during the pendency of the bankruptcy case. In *Taylor* I found that all three requirements for the waiver under § 106(a) had been met: the debtor's claim was against a governmental unit, the IRS; the § 362(h) damages claim brought by the debtor was "property of the estate"; and the debtor's claim arose out of the same transaction and occurrence as the IRS claim for unpaid taxes.

*In re Brown* at 1017. Sovereign immunity is waived.

■ The stay of 11 U.S.C. § 362(a) applies to the conduct of the IRS[1]. The IRS relies

---

1. 11 U.S.C. § 362(a)(3) and (a)(7) provide in pertinent part:

(a) ... a petition filed under section 301 ... of this title [11], ... operates as a stay, applicable to all entities, of—

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

...

(7) the setoff of any debt owing to the debtor that arose before the commencement of the

upon my previous decision in *U.S. v. Orlinski (In re Orlinski)*, 140 B.R. 600 (Bankr.S.D.Ga. 1991) in asserting its right to setoff pursuant to 26 U.S.C. § 6402(a)[2] preserved under 11 U.S.C. § 553(a)[3]. The government is correct that my decision in *Orlinski* recognizes the right of setoff established under the Internal Revenue Code and preserved under the Bankruptcy Code under circumstances in all pertinent respect identical to the facts in this case: the debtor has a prepetition tax debt due the IRS and the debtor was owed a prepetition withholding tax refund from the IRS. However, in *Orlinski* I found that "this title" as used in § 553(a) references Title 11 and that under § 553(a) a valid prepetition right of setoff continues to exist subject to provisions of § 362. *Orlinski, supra*, at 603. Clearly, § 362(a)(7) stays any setoff.

> The automatic stay does not defeat the right of setoff; rather, setoff is merely stayed pending an orderly examination of the debtor's and creditor's rights .... a creditor seeking to exercise a post petition setoff must first move for relief from the automatic stay upon notice and hearing.

4 *Collier on Bankruptcy* ¶ 553.05[2], 553–35 to –37 (L.King 15th ed. 1993) (footnotes omitted). *Accord In re Conti*, 50 B.R. 142 (Bankr.E.D.Va.1985). In this case the debtor's bankruptcy was filed March 4, 1993 with an outstanding liability for federal income taxes due for calendar year 1990. On April 15, 1993 the debtor filed his 1992 federal income tax return reflecting a refund due. The IRS withheld the refund and exercised control over property of the estate, 11 U.S.C. § 362(a)(3), and did not seek relief from the stay in order to exercise its right of setoff until November 4, 1993, more than 6 months after the debtor filed his 1992 tax return and 5 months after the debtor filed this adversary proceeding.

The conduct of the IRS in this case is indistinguishable from the creditor's conduct in *B.F. Goodrich Employees Federal Credit Union v. Patterson (In re Patterson)*, 967 F.2d 505 (11th Cir.1992). In *Patterson* the debtor held a savings and checking account with the credit union and was obligated on a loan to the credit union. The debtor filed a bankruptcy petition under Chapter 13 and upon notice, the credit union blocked any activity in the Pattersons' accounts. The credit union referred to this action as an administrative freeze. The credit union took this action because its loan to the Pattersons was secured by these accounts and the outstanding loan balance exceeded the balance in the accounts. The Pattersons brought two adversary proceedings against the credit union, one seeking turnover of the funds frozen by the credit union and a second seeking an injunction restraining the credit union from closing their accounts and damages. In their responses, the credit union included a motion to lift the stay of § 362(a) in order to apply the assets in the frozen accounts to the Pat-

---

case under this title against any claim against the debtor; ...

**2.** 26 U.S.C. § 6402(a) provides:

In the case of any overpayment, the Secretary [of the Treasury], within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.

The exceptions of subsection (c) and (d) concern, respectively, the offset of past due support and the collection of debts owed federal agencies, and are not applicable to this case.

**3.** 11 U.S.C. § 553(a) provides:

Except *as otherwise provided* in this section and *in sections 362* and 363 of this title [11], this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition;

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor. (emphasis added).

tersons' loan obligation. Subsequently, the Pattersons consented to the credit union's motion for relief and withdrew its request for turnover. However, as to the Pattersons' complaint for injunctive relief, the trial court granted the injunction and awarded damages and attorney fees for the violation of the automatic stay. *Id.* at 507–08.

The Circuit Court in *Patterson* found that

[t]he right of setoff is not absolute. The right preserved under Section 553 is limited by its own language to the provisions of the automatic stay in § 362. In order to exercise a valid right of setoff, a creditor must move the court for relief from stay pursuant to the provisions in § 362(d). The decision whether to lift the stay lies in the sound discretion of the bankruptcy court.

*Id.* at 509. Just as in *Patterson*, the conduct of the IRS in withholding the debtor's refund, exercising control over property of the estate without expeditiously seeking relief from the stay in order to exercise its otherwise valid right of setoff violated the automatic stay. The resulting harm is clear. The IRS now holds the refund due in the amount of One Thousand Two Hundred Forty–Five and 40/100 ($1,245.40) Dollars and also holds an allowed priority claim in the full amount of the tax liability of Two Thousand One Hundred Twenty–Three and No/100 ($2,123.00) Dollars to be paid in full under the debtor's confirmed plan.

■ The conduct of the IRS in withholding the debtor's prepetition tax refund without promptly seeking relief from the stay of § 362(a) in order to accomplish a setoff when it had full notice of the debtor's bankruptcy filing violates 11 U.S.C. § 362(a)(3) giving rise to an award of damages pursuant to 11 U.S.C. § 362(h)[4]. Section 362(h) mandates the award of actual damages including

costs and attorney fees to an individual injured by any willful violation of the stay. "Willful", as used in § 362(h), simply means acting intentionally or deliberately knowing of the bankruptcy petition. *Blackmon v. M.F.C. Financial Services (In re Blackmon)*, Chapter 13 case No. 91–10089, Adv.Pro. No. 91–1009, slip op. at 6 (Bankr.S.D.Ga. March 22, 1991) (Dalis, B.J.); *Aponte v. Aungst (In re Aponte)*, 82 B.R. 738, 742 (Bankr.E.D.Pa. 1988). In this case with full knowledge of the bankruptcy petition, the IRS retained possession of the refund and refused to deliver it to the debtor. This act was willful as contemplated under § 362(h). The only evidence of damages suffered by the debtor as a result of the stay violation was the expense incurred in retention of counsel to prosecute this adversary proceeding and the loss of the refund due. Under § 362(h) actual damages includes attorney fees. In this case reasonable attorney fees of Three Hundred and No/100 ($300.00) Dollars are awarded. The facts of this case do not warrant an award of punitive damages.

The evidence presented at trial established a right of setoff available to the IRS pursuant to 26 U.S.C. § 6402(a) and preserved under 11 U.S.C. § 553(a).

It is therefore ORDERED that judgment be entered for the plaintiff, Johnny L. Hudson, and against the defendant the United States of America acting by and through its agency the Internal Revenue Service, in the amount of One Thousand Five Hundred Forty–Five and 40/100 ($1,545.40) Dollars representing the tax refund due the debtor for calendar year 1992 in the amount of One Thousand Two Hundred Forty–Five and 40/100 ($1,245.40) Dollars plus reasonable attorney fees of Three Hundred and No/100 ($300.00) Dollars. The judgment is satisfied in part by setoff pursuant to 26 U.S.C. § 6402(a) of One Thousand Two Hundred

---

**4.** 11 U.S.C. § 362(h) provides:

(A) An individual injured by any willful violation of a stay provided by this section *shall recover* actual damages, including costs and

attorneys' fees, and, in appropriate circumstances, may recover punitive damages. (emphasis added).

Forty–Five and 40/100 ($1,245.40) Dollars from the allowed priority unsecured claim of the IRS of Two Thousand One Hundred Twenty–Three and No/100 ($2,123.00) Dollars reducing the allowed priority claim to Eight Hundred Seventy–Seven and 60/100 ($877.60) Dollars. Balance of the judgment of Three Hundred and No/100 ($300.00) Dollars shall accrue interest at such rate as determined by law.[5]

5. This order permitting setoff moots the IRS defense alleging a required proration of refund between spouses filing a joint return.