**In re Kimberly Anne HERRON, Debtor.**

**Bankruptcy No. 93–50822.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 27, 1995.

Robert M. Thomson, Akron, OH, for debtor.

None appeared for creditor.

## ORDER HOLDING CREDITOR IN CONTEMPT AND AWARDING ATTORNEY FEES FOR VIOLATION OF THE AUTOMATIC STAY

MARILYN SHEA–STONUM, Bankruptcy Judge.

This matter came on for hearing on February 16, 1995, on debtor's Motion to Show Cause why creditor, Great Lakes Higher Education Corporation (Great Lakes), should not be held in contempt for violation of the automatic stay imposed pursuant to 11 U.S.C. § 362(a). The motion at issue was filed on January 13, 1995 and no objections were entered.[1] Present at said hearing was Robert Thomson, attorney for debtor. Neither counsel for nor a representative of Great Lakes appeared.

Debtor's motion alleged, *inter alia,* that creditor's claim for payment due on a student loan was included in debtor's chapter 13 plan and was to be paid at 100% of the amount claimed. Debtor's motion further alleged that while said claim was being paid through debtor's chapter 13 plan, that Great Lakes either requested, or did not withdraw its request, that the Internal Revenue Service intercept debtor's 1993 tax refund in order to satisfy its debt. In requesting the intercept, Great Lakes was exercising its right under 26 U.S.C. § 6402(d)(1).[2] That tax refund was then intercepted, and the debtor did not receive her refund for tax year 1993 until December, 1994.

In a separate but related matter, debtor filed a motion to reverse said tax intercept on April 5, 1994. That motion prayed that this Court direct the Internal Revenue Service (I.R.S.) and/or the U.S. Department of Education to reverse the intercept of debtor's 1993 tax refund. Thereafter, on May 4, 1994, debtor and counsel for the I.R.S. entered into an Agreed Order which stipulated that the I.R.S. intercept was done in error as the debtor's obligation to the United States Department of Education was being paid through the chapter 13 plan, and that the I.R.S. would take the appropriate steps to release the funds being withheld. On November 18, 1994, after still not having received said refund, debtor filed a motion to enforce the May 4, 1994 Order and to hold the I.R.S. in contempt for a continuing violation of the automatic stay imposed by 11 U.S.C. § 362(a).

A hearing on the November 18, 1994 motion was held on December 15, 1994. During that hearing debtor testified that on either December 2 or 3, 1994, she had received her income tax refund for 1993.[3] Testimony was also taken from I.R.S. employees regarding the process used to intercept refunds and the time involved in retrieving such refunds. At the conclusion of that hearing this Court entered an oral decision denying debtor's motion to hold the I.R.S. in contempt on a finding that the I.R.S.'s conduct did not constitute a willful violation of the automatic stay because it was simply acting on the request of Great Lakes and had not received notice of debtor's chapter 13 filing prior to the intercept.

---

**1.** During the February 16, 1995 hearing counsel for debtor presented to the Court documentation indicating that a copy of said motion was sent via certified mail to Great Lakes on January 13, 1995, and that delivery of that motion was made on January 20, 1995.

**2.** As part of the Deficit Reduction Act of 1984, Congress enacted legislation the permits any federal agency owed an overdue debt to intercept the debtor's federal income tax refund. That Act utilizes a general provision of the Internal Revenue Code which provides:

Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt ... to such agency, the Secretary shall—

(A) reduce the amount of any overpayment payable to such person by the amount of such debt;
(B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and
(C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.

26 U.S.C. § 6402(d)(1).

**3.** Debtor testified that she received a check in the amount of $456.97. That amount represented the original refund amount of $438.00 plus $18.97 in interest.

Debtor thereafter filed the instant motion to hold Great Lakes in contempt for willfully violating the automatic stay. Based upon the foregoing, as well as upon Great Lake's failure to appear in this action, the Court finds the debtor's motion to be well taken.

■■■ The automatic stay becomes effective at the moment the debtor's bankrupt petition is filed. 11 U.S.C. § 362(a); *In re Davis*, 74 B.R. 406, 410 (Bankr.N.D.Ohio 1987). Once effective, Congress made it clear that the automatic stay applies to "all entities" and acts to prohibit "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The protection afforded by the automatic stay continues until the debtor is either granted or denied a discharge, or unless otherwise terminated by the Court.[4] 11 U.S.C. § 362(c).

■■■ The action taken by Great Lakes in accepting the intercept of debtor's income tax refund *after* the debtor's filing a petition in bankruptcy was a clear violation of the stay imposed by § 362. Moreover, the fact that Great Lakes took no action to reverse the intercept procedure after debtor's filing constitutes a continuing violation of the automatic stay. When an individual is injured by a willful violation of the automatic stay, that person shall recover actual damages, including costs and attorney fees, and, in appropriate circumstances, punitive damages. 11 U.S.C. § 362(h). The term "willful," while not defined in the Bankruptcy Code, has been interpreted to simply mean acting intentionally and deliberately while knowing of the bankruptcy petition. *Hudson v. United States (In re Hudson)*, 168 B.R. 449, 453 (Bankr.S.D.Ga.1994); *Aponte v. Aungst (In re Aponte)*, 82 B.R. 738, 742 (Bankr.E.D.Pa. 1988). Great Lakes' action to intercept and retain debtor's income tax refund to satisfy a debt that it was paid within the chapter 13 plan, was thus a "willful" violation of the automatic stay.

While this Order in no way acts to penalize Great Lakes for the delay by the I.R.S. in returning debtor's refund once the intercept was reversed, it is meant to warn all entities who can call upon the I.R.S. to intercept tax refunds to satisfy their debts. The power granted to these entities should be tempered by procedures that alert them to when any particular individual, whose tax return they have acted to intercept, has filed for relief under the Bankruptcy Code. Otherwise these entities will be at risk of continually running afoul of the constraints imposed by 11 U.S.C. § 362(a), continually burdening the courts with unnecessary motions to hold these entities in contempt, and continually facing the chance of being sanctioned. *See In re Stucka*, 77 B.R. 777, 784 (Bankr. C.D.Cal.1987) (the Court determined that a failure to ensure that a tax intercept program would not continue to run afoul of the automatic stay was an appropriate circumstance in which to award punitive damages).

■■■ Where a violation of the automatic stay forces the debtor to resort to the courts to enforce her rights, the awarding of attorney fees is appropriate. *In re Davis*, 74 B.R. 406, 411 (Bankr.N.D.Ohio 1987); *In re Shriver*, 46 B.R. 626, 629–30 (Bankr.N.D.Ohio 1985). During the February 16, 1995 hearing, debtor's attorney offered into evidence a breakdown of the time he logged in prosecuting this matter. (Debtor's Exhibit No. 1). Based upon that document and the evidence offered at the hearing, this Court finds that in order to prosecute this matter, 6.92 hours of attorney time was required, an hourly rate of $115.00 was charged, and the total amount of attorney fees is equal to $795.00.

**THEREFORE, IT IS ORDERED:**

(1) that creditor, Great Lakes Higher Education Corporation be held in contempt for a violation of the automatic stay imposed pursuant to 11 U.S.C. § 362; and,

---

4. This Court notes that at no time prior to or during these proceedings did Great Lakes move for relief from the automatic stay.

(2) that the Chapter 13 Trustee direct all payments due to creditor, Great Lakes Higher Education Corporation, instead to debtor's counsel, Robert Thomson, 423 Society Bldg., Akron, OH 44308, until he has been paid in the amount of $795.00 plus interest at the current federal judgment interest rate of 7.03%.