**In the Matter of Sonny L. OKWUKWU, SSN: 420–06–6330, Debtor.**

**Sonny L. OKWUKWU, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 97–80358–JAC–13. Adversary No. 97–80166.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

July 11, 1997.

John Larsen, Bond, Botes, Sykstus, Larsen, P.C., Huntsville, AL, for plaintiff.

Richard O'Neal, Asst. U.S. Atty., Birmingham, AL, for defendant.

Philip Geddes, Decatur, AL, Chapter 13 Trustee.

### MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

This cause came on to be heard upon the complaint filed by the debtor, Sonny Okwukwu ("Okwukwu"), seeking turnover pursuant to 11 U.S.C. § 542 of debtor's 1996 federal tax refund setoff by the IRS, post-petition, against debtor's 1991 tax debt. The IRS filed a motion to annul the automatic stay and validate the setoff of Okwukwu's tax refund and argues that the refund is not subject to turnover pursuant to the setoff provisions of 11 U.S.C. § 553(a)–(b)(2). The parties submitted the matter to the Court upon the pleadings at the pre-trial conference held on June 30, 1997. Upon due consideration of the pleadings, arguments of counsel, and relevant law, the Court finds that judgment on the complaint is due to be entered in favor of the IRS.

On January 29,1997, Okwukwu filed a voluntary petition for relief under Chapter 13 of

the Bankruptcy Code. The debtor listed the IRS on schedule E of his petition as a creditor holding an unsecured priority claim in the amount of $3,780.00. On April 15, 1997, the debtor filed his federal tax return for the 1996 tax year and claimed a refund in the amount of $1,657.00. On or about April 15, 1997, the IRS setoff the tax refund against debtor's pre-petition tax debt.

■ Section 553(a) the Bankruptcy Code preserves a creditor's right of setoff in bankruptcy where it exists under applicable non-bankruptcy law. *In re Patterson,* 967 F.2d 505 (11th Cir.1992); *IRS v. Orlinski (In re Orlinski),* 140 B.R. 600 (Bankr.S.D.Ga. 1991). To establish a claim for setoff, the creditor must demonstrate that: (1) the debt owed by the creditor to the debtor arose prior to the commencement of debtor's case; (2) the creditor's claim against the debtor arose prior to the commencement of debtor's case; and (3) the debt and claim are mutual or reciprocal obligations.

■ It is undisputed that the claim of the IRS against Okwukwu's 1991 tax liability arose prior to the commencement of the case and that the debt and claim are mutual or reciprocal obligations. That leaves as the only element in question whether the IRS' tax refund liability arose pre-petition where the debtor filed his tax return claiming the refund post-petition. Courts have repeatedly held that the substantive right to a tax refund arises at the end of the tax year to which the refund relates. *Breder v. United States (In re Breder),* 199 B.R. 207 (Bankr. S.D.Fla.1996); *In re Franklin Savings Corp.,* 177 B.R. 356 (Bankr.D.Kan.1995); *United States ex rel. IRS v. Johnson (In re Johnson),* 136 B.R. 306 (Bankr.M.D.Ga.1991). Thus, the Court finds that the IRS has satisfied all of the elements of § 553 and retains its pre-petition right of setoff pursuant to § 553(a).

■ Section 553(a), by it's terms, makes a creditor's right of setoff subject to the automatic stay provisions of 11 U.S.C. § 362. Setoff is a permissive equitable remedy that is within the discretion of the court. *In re Rush Hampton Indus., Inc.,* 159 B.R. 343, 346 (Bankr.M.D.Fla.1993). A creditor seeking to exercise post-petition setoff must first move for relief from the automatic stay. *In re Hudson,* 168 B.R. 449 (Bankr.S.D.Ga. 1994). In the present case, the IRS setoff Okwukwu's tax refund and exercised control over property of the estate without seeking relief from the stay until after the debtor filed this adversary proceeding.

■ Section 362(h) mandates the award of actual damages including costs and attorneys fees to a debtor injured by any willful violation of the automatic stay. *In re Hudson,* 168 B.R. at 452. In the *Hudson* case, the bankruptcy court determined that the IRS willfully violated the stay and was liable for debtor's actual damages, including reasonable attorneys fees where, *with full notice of the debtor's bankruptcy filing,* the IRS exercised setoff without first seeking relief from the stay. *Id.* In the present case, however, there is no evidence that the IRS had proper notice of debtor's bankruptcy petition at the time of setoff.

■ A debtor is required to file "a list containing the name and address of each creditor" with his bankruptcy petition from which creditors are sent notice of the bankruptcy petition and bankruptcy proceedings. FED. R. BANKR. P. 1007(a)(1), 2002(f)(1), (g); 11 U.S.C. §§ 301, 342(a). Although the Bankruptcy Code does not provide any guidance as to what is the proper address of a creditor under Bankruptcy Rule 1007(a)(1), it is "clear that such an address must be one at which notice or service would be reasonably calculated to comply with the constitutional notions of due process." *In re Kleather,* 208 B.R. 406 (Bankr.S.D.Ohio 1997). In the *Kleather* case, the bankruptcy court analyzed Bankruptcy Rule 7004 which is also designed to comply with due process requirements to determine whether the creditor received sufficient notice of the debtor's bankruptcy petition where the questioned address was not actually incorrect, but was not the desired address for service on the creditor,

In the present case, Okwukwu listed the IRS' address as 801 Tom Martin Drive, Room 126, in Huntsville Alabama. Bankruptcy Rule 7004(b)(4) requires service upon the United States to be addressed to the

United States District Attorney and the Attorney General. Accordingly, the Court finds that the address listed for the IRS in Okwukwu's petition was insufficient to ensure the IRS received notice of the debtor's case and support an award of damages under § 362(h) for willful violation of the automatic stay. Alternatively, the Court lifts the automatic stay *nunc pro tunc* to validate the setoff of Okwukwu's tax refund.

■ Finally, the Court notes some courts have held that a confirmed Chapter 13 plan pursuant to which a debtor proposes full payment of a creditor's claim binds the creditor and precludes setoff where the creditor is adequately protected. *See United States ex rel. IRS v. Johnson (In re Johnson)*, 136 B.R. 306, (Bankr.M.D.Ga.1991). Other courts have rejected this argument recognizing that confirmation pursuant to § 1327 does not alter a creditor's right of setoff based upon the plain language of § 553(a) which provides that except as otherwise provided in §§ 553, 362, and 363, title 11 does not affect a creditor's right of setoff. *In re Tillery*, 179 B.R. 576 (Bankr.W.D.Ark.1995); *In re Warwick*, 179 B.R. 582 (Bankr. W.D.Ark.1995); *In re Orlinski*, 140 B.R. 600 (Bankr.S.D.Ga.1991). The Court adopts the latter analysis and finds that Okwukwu's confirmed plan does not preclude the IRS' right of setoff.